HARDY, Judge.
This is a compensation suit in which plaintiff claims permanent and total disa *256 bility resulting from injuries sustained in an accident while in the course and scope of his employment. After trial there was judgment in favor of plaintiff as prayed, from which defendant has appealed.
Plaintiff, a carpenter foreman employed by the State Park Commission, an agency of the State of Louisiana, was injured on January 26, 1951, when he was involved in an automobile wreck. At the time plaintiff was driving a truck, belonging to his employer, returning home after work when, in the effort to avoid collision with another vehicle, he lost control of the truck which ran off the road into a ditch and turned over, inflicting the injuries which are the 'basis of plaintiff’s claim. These injuries as specified in plaintiff’s original petition, which was filed April 10, 1951, allegedly consisted of “a broken right shoulder and shoulder blade, and bruised and torn ribs on- the right side and torn and lacerated muscles, ligaments and tendons * * On September 26, 1951 plaintiff filed a supplemental petition which contained the allegation that in addition to the injuries enumerated in his original petition, he had suffered “a jack-knifing injury to his back”, and further that he had sustained arthritic changes' in his back, which condition had been either caused or aggravated by his injury: ■
Defendant opposed plaintiff’s demands on the grounds that plaintiff was intoxicated at the time of the accident, which intoxication constituted gross negligence and was the proximate cause of said accident, and defendant also denied that plaintiff sustained permanent and total disability by reason of his injuries.
Examination of the testimony convinces us that defendant has failed to sustain the charge of intoxication. It is quite true that several witnesses testified and plaintiff admitted that he had taken two drinks from a pint bottle some three' or four hours prior to the accident. It is further established by other witnesses, among them being plaintiff’s attending physician, that they noticed the odor of alcohol on plaintiff’s breath after the accident. But there is nothing which would serve to justify the conclusion that plaintiff was intoxicated or to any degree under the influence of intoxicants to an extent which could be held to prevent him from driving a motor vehicle with safety. Particularly we note that one of the witnesses, who was plaintiff’s immediate superior, entrusted the driving of the truck to plaintiff’s charge after plaintiff had indulged in the drinks above noted, which indicates to our minds that he was not in an intoxicated condition at that time.
The most serious issue presented bears upon the nature and extent of plaintiff’s injuries and the resulting disability suffered therefrom. The medical testimony in support of plaintiff’s claims was tendered by the depositions of two general practitioners, one of whom' made an examination of plaintiff approximately a year after the accident and the other who made two examinations approximately _ seven months and one year after the accident respectively. This expert testimony was countered on behalf of defendant by the testimony of the general practitioner who attended and treated plaintiff for a period of some two months immediately following the injury, and by the testimony of a competent orthopedic specialist who made his first examination of plaintiff about three months after the accident and a second examination some three months later.
As is to be expected the medical testimony is in direct conflict as regards the conclusions of the expert witnesses for plaintiff and defendant.
The case was tried on January 28, 1952, and on February 15th, following the trial, counsel for defendant filed a motion to reopen the case for the purpose of taking the testimony of Dr. J. H. Eddy, Jr. In support of the motion counsel represented that it was only during trial that they discovered that plaintiff had been twice examined, at his own request, by Dr. Eddy, and that both examinations were made prior to the examinations of the medical witnesses whose depositions were introduced on -behalf of the plaintiff. Counsel further represented that the testimony of Dr. Eddy was pertinent and material to the determination of plaintiff’s claims in view of the existing conflict in medical *257 testimony. This motion was taken under advisement by the District Judge who rendered a written opinion assigning his reasons for denying the motion.
 We- find not the slightest abuse of the trial court’s discretion in the refusal of the motion. It is well established as a general rule that cases are not subject to being reopened for the 'purpose of admitting testimony that appears to be merely cumulative in its effect. However, in the instant case where the issue, is so controverted and the opinion so evenly divided, we think the additional testimony of Dr. Eddy would have a substantial effect in aiding this court to reach a proper conclusion. Rather than construe the failure of plaintiff to produce this witness who made examination at his own request, as militating against his claims, we prefer to avail ourselves of the authority granted by the provisions of Article 906 of the Code of Practice. Accordingly it is ordered that this cause be and it. is hereby remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, with instructions to the said court to receive the testimony of Dr. J. H. Eddy, Jr. and then to return the record to this court for determination of the appeal. Costs to await final determination.
McINNIS, J., recused.