HARDY, Judge.
This is a compensation suit in which; plaintiff recovered judgment for total permanent disability, together with medical expenses, from which judgment defendant *537 lias appealed. Plaintiff has answered the •appeal, praying the amendment of the judgment to the extent of awarding statutory penalties and attorney’s fees.
The basis of plaintiff’s claim is found in the contention that he sustained an injury on or about the 22nd day of March, 1954, while in the employ of defendant’s assured, Remington Rand, Inc. Plaintiff •alleged that while engaged in lifting and 'handling shells, weighing approximately 77 pounds each, he received a back injury which has been diagnosed as a herniated intervertebral disc, which has resulted in his total incapacitation for the performance ■of physical labor. Defendant resists plaintiff’s demands by the denial of the occurrence of any accident on the date set forth •and the further contention that plaintiff has failed to establish his disability as to the performance of ordinary manual labor. Additionally defendant objects to the allowance of medical expenses in the sum of $238, as set forth in the judgment, on the .ground that no amicable demand was made by plaintiff upon the defendant for the payment of such expenses prior to the filing of suit.
We think the record satisfactorily substantiates plaintiff’s claim that while engaged, during the regular course and scope of his employment, in lifting a heavy shell on or about March 2, 1954, he felt a sharp pain in his lower back; that after attempting to continue the duties of his employment the pain became increasingly severe and finally necessitated his leaving his work on March 5, 1954. After reporting to his employer’s hospital plaintiff returned to his home at Coushatta and consulted Dr. L’Herrison, who hospitalized him for a period of some seven or eight days. Wearing a back brace plaintiff returned to work for his employer, Remington Rand, •about March 17th and continued in light work until he was discharged on June 28, 1954, which action was taken, according to •defendant, by reason of a general curtailment of production. Prior to trial plaintiff was examined by Dr. Gene D. Caldwell, an orthopedic specialist, and Dr. Heinz K. Faludi, a neurosurgeon, both of Shreveport. The testimony of these two medical experts, taken by deposition, is convincing as to the fact that plaintiff suffered from a herniated intervertebral disc, which was totally disabling.
The only question which arises in connection with the instant case involves the contention on the part of defendant that plaintiff’s disability, if any, should be attributable, not to an accident on March 2, 1954, but to a pre-existing back condition which is not shown to have been connected with any accidental injury while in the employment of Remington Rand. Admittedly plaintiff suffered from a history of back trouble over a period at least as far removed from the time of the alleged accident as September of 1953, but there is nothing in the record which serves to connect this previously existing condition with the herniated disc which resulted from an independent accident sustained on or about March 2, 1954. From September, 1953 until March, 1954 plaintiff satisfactorily performed heavy manual labor, which fact, in the absence of any contradicting testimony, is sufficient to rule out any connection between the back condition of 1953 and the diagnosis of a herniated intervertebral disc subsequent to March, 1954.
Counsel for defendant urgently argues that plaintiff has failed to make out his case by the requisite preponderance of evidence, and points particularly to the fact that plaintiff failed to tender as witnesses Drs. Hendricks and Goslee, both of whom had examined plaintiff in connection with his complaints of back trouble long prior to March, 1954. Counsel further points out that plaintiff did not tender Dr. L’Herrison as a witness in support of his claim, and argues that this failure on the part of plaintiff to procure the testimony of Drs. Hendricks, Goslee and L’Herrison justifies the presumption that the testimony of these medical experts would have prejudiced plaintiff’s claim. We cannot so interpret plaintiff’s failure to offer the testimony of the witnesses named. The testimony of Drs. Caldwell and Faludi is not *538 controverted and defendant failed to offer any expert medical testimony which would serve' to question' or contradict the conclusions expressed by these witnesses. As a result we can only consider that the testimony of other medical experts would have been cumulative in effect, and, in the absence of opposed testirnony on the part of defendant, would have added n'othing to the facts already reflected by the record. Counsel for defendant cites as precedent for the conclusion urged, or, alternatively, for a remand of the case for the purpose of procuring additional testimony, the cáse of Beard v. Coal Operators Casualty Co., La.App., 61 So.2d 255. Reference to the opinion in the cited case indicates that the action was taken bec’ause there was a direct and equally balanced conflict in the testimony of the expert witnesses produced by plaintiff and defendant. In the instant case there is no conflict and the medical testimony in support of plaintiff’s demands is convincing. It follows that there is not the slightest ground either for attaching the presumption urged by defendant or for remanding the case for the introduction of further testimony.
With reference to that part of the judgment awarding .medical expenses, we think defendant’s contention of prematurity is entirely without merit. By his own testimony plaintiff established his indebtedness for medical expenses in the total sum of $238, which was the amount awarded in the judgment. Defendant nowhere contends that these expenses were not incurred but simply complains that no demand for payment was ever made by plaintiff. Reliance upon such a strained objection is deserving of little consideration. Every rule of reason and logic justifies the conclusion that if plaintiff had made a demand defendant, who has so seriously contended that plaintiff’s claim of injury and disability is entirely unfounded, would have refused payment. We are at a loss to understand what purpose could be served by striking that part of the judgment awarding medical expenses and reserving plaintiff’s right to claim them in a separate action, to which reservation he1 would certainly be entitled. If defendant would be willing to pay medical expenses simply upon demand of plaintiff, we see no valid. ground for any objection to such'a payment in response to a judgment.
Examination of the record convinces us that the action of defendant in denying plaintiff’s claim for compensation was in no sense unreasonable, capricious or arbitrary. Defendant has interposed a substantial defense on the grounds which have been hereinabove discussed. It follows that the judgment refusing the infliction of penalties and attorney’s fees was correct.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.