HARDY, Judge;
This is a compensation suit instituted by plaintiff claiming total and permanent disability. From a judgment in favor of plaintiff awarding compensation at the maximum rate for a period not exceeding 400 weeks, together with medical expenses, the defendant employer and its insurer have prosecuted this appeal.
The only issue tendered by this appeal involves the extent and duration of plaintiff’s injury.
■ On March 13, 1954, while employed as a heavy duty mechanic by defendant, Remington Rand Company, operator of the Louisiana Ordnance Plant in Webster Parish, plaintiff was engaged in [assisting in the removal of heavy pipe from a rack on the wall of a building. .From his position on a stepladder plaintiff was< using a wrench with his right hand behind a joint of pipe. The pipe became dislodged and rolled from the rack, pinning plaintiff’s right aqn against the wall and jerking his, body forward and across the top of the ladder. Following the accident plaintiff reported to the plant hospital for emergency treatment and then drove his truck to his home. Shortly after his arrival at his home plaintiff became violently nauseated and thereupon went to the Sentell Clinic in Minden, where he consulted Dr. Van Horn, who sent him to the Minden Sanitarium where he was hospitalized for a period of thirteen days. Plaintiff was under Dr. Van Horn’s treatment until April' 16, Í954, on which date, dissatisfied with his lack of improvement, he sought the services of Dr. C. S. Sentell, under whose treatment he remained until date of trial, Márch 24, 1955.
On May 26, 1954, plaintiff was examined by Dr, W. S. Harmon, to whom he had been referred by Dr; Sentell. Dr. Harmon réc-ommended additional hospitalization and on June 2, 1954 plaintiff was re-admitted to the Minden Sanitarium, where he was placed in traction until June 29th and released from the hospital on July 1st. On October 11, 1954, Dr. Sentell • referred *630 plaintiff to Dr. E. C. Simonton for orthopedic examination and to Dr. F. C. Boykin for neurological consultation. At Dr. Boykin’s direction an x-ray examination of plaintiff was made by Dr. W. R. Har-well.
Compensation was paid plaintiff from the date of the accident through date of September 20, 1954, at which time payments were discontinued on the ground that plaintiff had fully recovered from the effects of the injury, which is the contention here urged by defendants.'
In his written opinion the district judge made the following observation:
“The plaintiff testified in Open Court during the course of trial and impressed the court that he was exaggerating his injuries. All of the doctors, who ‘ testified in the case, were also of the opinion that he was exaggerating to a certain extent. According to the plaintiff, he is suffering from various things ranging from his head to his feet. However, it is my further conclusion that he is definitely not a malingerer and that he has some real disability; the only serious problem being whether or not his disability has any causal connection with the injury.”
Careful study of the record serves to impress us with the correctness of our learned brother’s observation as to plaintiff’s exaggeration of his injuries. The original diagnosis made by Dr, Van Horn, who was voluntarily consulted by plaintiff on the day of his injury, shows that he found plaintiff to be suffering, from a contusion of the abdomen, a sprain of the right wrist and a lumbosacral sprain. At the time of trial plaintiff testified that he suffered from almost continuous headaches, pain in the neck and shoulders, almost complete loss of use of his right hand by reason of pain in the wrist, severe and continuous pain in the lumbosacral area of the back and swelling and pain in. the ankles. The one certain fact of which, we-are conclusively convinced, from examination of plaintiff’s testimony and the findings o'f the examining doctors, is that plaintiff grossly exaggerated his injuries and resultant suffering and disability. This unwarranted multiplicity of physical disabilities serves to raise doubt as to the verity of any enduring, disabling affection.
The medical testimony directly presented in the record consists of the testimony of Dr. Sentell, the testimony, by deposition, of Drs. Harmon and Simonton, all for plaintiff, and the testimony, by deposition, of Dr. Eugene D. Caldwell for defendant. The record does not contain the testimony of Dr. Van Horn, who first treated plaintiff, nor the testimony of Dr. Boykin, to whom plaintiff was referred by Dr. Sentell, nor the testimony of Dr. Harwell, with reference to his x-ray examinations made at the request of Dr. Boykin.
The record does contain a very detailed and somewhat unusual report signed by Dr. C. S. Sentell, dated February 14, 1955, only some five weeks before trial and directed “To Whom It May Concern”, and written partly in the first person and partly in the third.person singular. This report is primarily remarkable in that it gives the impression of being designed for use as a medical brief in support of plaintiff’s claims, and is replete with purely hearsay observations and comments with reference to the reports of a number of the examining doctors above named, even those whose testimony or reports do not appear in the record. Though we recognize the fact that great latitude is permitted medical experts in connection with their expressions of opinion, we do not. feel that -even the utmost liberality enjoins upon us the obligation to accept a hearsay evaluation of opinion. Such an acceptance might, and we believe would, effect prejudice against parties litigant who. are denied the right of examination either in open court or by deposition.
It is urged by counsel for defendants, on the basis of well established authority, that the court would be justified in assuming that the testimony of Drs. Van Horn, Boykin and Harwell would be unfavorable to plaintiff’s contentions, in view of plaintiff’s failure to tender these doctors as his *631 witnesses or to explain his failure to do so. While we concede the-' merit of this contention, we are loath, in the instant case, to adopt such a course, preferring to avail ourselves of an alternative proceeding, which is hereinafter set forth.
In the present condition of the rec-, ord we find it impossible to-make a definite and satisfactory pronouncement upon the issue which is here presented. The con-' flict in the medical testimony, the uncertainty as to degree and effect of plaintiff’s evident exaggeration of his injuries, are factors which preclude a just resolution. Unfortunately, the testimony of láy witnesses contributes little, if anything, of value. In the belief that the testimony of Drs. Van Horn, Boykin and Harwell should serve to turn the balance, we have concluded, in the interest of justice and under the authority of Article 906 of the Code of Practice, to remand this case to the district court for further action in accordance with the instructions hereinafter set forth.
This action, for identical reasons, was taken by this court in Beard v. Coal Operators Casualty Company, 61 So.2d 255, 257, in which we said:
“However, in the instant case where the issue is so controverted and the opinion so evenly divided, we think the additional testimony of Dr. Eddy would have a substantial effect in aiding this court to reach a proper com elusion. Rather than construe the failure of plaintiff to produce this witness who made examination at his own request, as militating . against his claims, we prefer to avail ourselves of the authority granted by the provisions of Article 906 of the .Code of Practice.”
Accordingly, it is ordered that this case be, and it is hereby, remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, with instructions to the said court to receive the testimony of Drs. R. B. Van Horn, F. C. Boykin and W. R. Harwell, either in open court or :by deposition,-as‘may he determined by counsel for the parties litigant, and then to return the record to this court for determination of' the appeal. Taxing of costs will await pronouncement of judgment on the appeal.