HARDY, Judge.
After this appeal by defendants from a judgment in favor of plaintiff awarding compensation as for total, permanent disability was originally submitted on appeal, we ordered the case remanded for the purpose of receiving testimony of Drs. Van Horn, Boykin and Harwell. Pursuant to this order the testimony of these medical experts were received by deposition and the case has been returned to us for disposition of the appeal.
The facts aré set forth in our first opinion, 86 So.2d 628.
Consideration of the testimony of Drs. Van Horn, Boykin and Harwell has, in our opinion, served to establish a preponderance of evidence in favor of plaintiff. We proceed to a summary of the medical evidence which we believe determines the only issue herein tendered, that is, the extent and duration of plaintiffs injury.
The nature of the injury was established by Dr. Van Horn, who first treated plaintiff on the day of the injury, March 13, 1954, and diagnosed plaintiff’s condition as contusions of the lower abdomen, a sprain of the lower back and-right wrist. The treatment by this physician was terminated because of a heart attack suffered by the doctor, and the treatment of plaintiff’s case was then assumed by Dr. C. S. Sentell. This physician testified that, in his opinion, plaintiff had suffered a permanent, disabling injury due to a resultant back condition which appeared to be an increase in the lumbosacral angle. ■
Plaintiff was referred by Dr. Sentell to Dr. W. S. Harmon, who found definite changes in the lumbosacral joint and a narrowing of 'the intervertebral space, which effected an' acute lumbosacral angle and-gave some evidence of an early spondylolis-thesis. Dr. Edwin C. Simonton, an orthopedic ’-súrgeon, made an examination of plaintiff and diagnosed a possible compression of the fifth lumbar and first sacral nerve roots.
Dr. Gene D. Caldwell, an orthopedic specialist, made an examination of plaintiff and reached the conclusion that there were no demonstrable objective symptoms of disability, but this witness did find a half inch atrophy in the calf of the plaintiff’s left leg on the occasion of a second examination.
The testimony of Dr. Van Horn, tahen after remand, adds little to his 'original diagnosis. Much of the testimony taken by deposition of this witness was based upon findings made subsequent to our remand of the case, which we feel was not within the provisions of our order and, accordingly, was not properly admissible.
The deposition of Dr. W. R. Harwell, a specialist in radiology, established his findings as a sclerosis of the sacroiliac surface, suggesting a chronic or inflammatory condition, and the existence of an acute sacral angle.
The testimony of Dr. Frederick C. Boy-kin, by deposition, was limited to his findings resulting from a neurological examination. It was the opinion of this witness, upon the basis of an evaluation of motor power, reflexes, etc., that there was no *582 reason why the defendant could not perform manual labor. But the doctor testified :
“It is my opinion that his complaints are on a psychological or volitional basis.”
In this connection the witness conceded that psychological pain or affection was as real and genuine as an organic pain and that disability could result as completely from a psychological as from an organic factor.
Our re-examination of the record, as supplemented by the testimony of the three medical experts above named, leads us to the conclusion that plaintiff did suffer a low • back injury as the result of an accident sustained in the course of his employment; that the evidence of atrophy in the calf of the left leg and the expert opinion predicated upon radiological examinations supports the conclusion of the continuance of the disabling effects of such injury.
In common with the opinion expressed by our learned brother of the district court, and by a number of the medical experts, we are of the opinion that plaintiff has been guilty of grossly exaggerating his condition and the degree of disability resulting therefrom. It is to be noted that some of the doctors have attributed plaintiff’s disability to hysteria, or to psychosomatic, or psychological origin, but these men of science agree that pain resulting from such causes is both real and disabling to the individual concerned. A continuously increasing line of cases in our jurisprudence has recognized this factor in connection with injury and disability, and the well established rule approves the recognition of disability from such causes. Among recent decisions on this point, some of which cite numerous cases developing and enunciating this principle, we particularly note Mamon v. Farnsworth & Chambers Construction Co., La.App., 86 So.2d 764; Tate v. Gullett Gin Co., La.App., 86 So.2d 698; Dupre v. Wyble, La.App., 85 So.2d 119; Rutherford v. Frost Lumber Industries, La.App., 57 So.2d 914; Peavy v. Mansfield Hardwood Lumber Co., La.App., 40 So.2d 505.
It may be urged that consideration of this phase of the case is ultra petitionem and constitutes an enlargement of the pleadings. In view of the fact that timely objection on this ground was not made, it follows that the complaint which is now urged comes too late.
It is to be hoped, in line with expressed 'medical opinions, that the termination of this litigation may serve to effect a speedy cure of plaintiff’s disability and permit his early return to gainful employment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.