HARDY, Judge.
This is a suit for compensation in which plaintiff claimed total permanent disability resulting from an accidental injury sustained while in the course and scope of his employment. After trial there was judgment in favor of the defendant-employer rejecting plaintiff’s demands, from which plaintiff has appealed.
Plaintiff was employed as a winch truck operator by Carraway & McDougald Lumber company, a commercial partnership composed of Thomas Carraway and Allen T. McDougald, which operated a sawmill near the Town of Jena in LaSalle Parish. The alleged accident and injury occurred on August 2, 1956, at which time plaintiff was not engaged in operating the winch truck, but was assisting the “tong-hooker” in rolling logs down the skidway. In this operation plaintiff was using a cant hook. It was alleged in plaintiff’s petition that while so engaged plaintiff fell backward in a sitting position, and the handle of the cant hook struck his left leg in the area of the knee, “resulting in the serious and perm-nent impairment of his heart and his left leg * * and that, as a result of his injuries and “impairments”, he was totally and permanently disabled to do work of any reasonable kind.
In answer, defendants admitted the employment of plaintiff at a rate of $1 per hour for 40 hours per week; denied the occurrence of any accident or injuries, and specifically averred that they had been given no notice.
On trial, in support of his claim of an accident and injury, plaintiff called as witnesses a fellow employee, Butler Hicks, and his brother, Jerome Keene, also a fellow .employee. Both of these witnesses testified that they saw plaintiff fall and that the fall was caused by the cant hook slipping out of a log. According to these witnesses plaintiff fell backward in a sitting position to the ground, which was covered with soft bark, and neither of the witnesses saw the cant hook strike plaintiff.
Plaintiff testified that when his cant hook slipped he lost his balance, fell backward in a sitting position and the handle of the cant hook struck him'both below and above the knee, inflicting visible evidence of the injury about midway of the thigh in the form of a “big, blue knot”.
Plaintiff finished his day’s work on Thursday, August 2nd, worked all of the following day, but did not report for work thereafter.
Plaintiff testified that he consulted Dr. O. P. Mauterer of Olla on Monday, but it is to be noted that Dr. Mauterer testified *851 that he saw plaintiff as a patient on August 7th, which was a Tuesday. The doctor testified that plaintiff consulted him with reference to an injury to his thigh, but that upon examination he could not account for the amount of pain of which plaintiff complained and he referred plaintiff to Dr. Banks, an orthopedic specialist of Alexandria. Dr. Banks was not called as a witness by either plaintiff or defendant. Dr. Mauterer was unable to discover any objective evidence of injury and testified that there was no evidence of disability except plaintiff’s subjective complaints.
On August 14th plaintiff suffered a heart attack and was attended by Dr. Guy Campbell, who hospitalized plaintiff for two days.
Under cross examination of plaintiff it developed that while working in the State of Texas in July, 19S3, he suffered from thrombophlebitis, for which affection he was paid workman’s compensation.
The only other pertinent factor in connection with plaintiff’s testimony is his insistence that he called Mr. McDougald and reported the accident on Monday following its occurrence. This was denied by McDougald. However, we dismiss this conflict as having no significant bearing upon our conclusion.
We think plaintiff has sustained the burden of proof with respect to establishing the occurrence of an accident in the nature of a fall. However, we think he has failed to prove that he sustained a blow from the handle of the cant hook. Neither of his two corroborating witnesses supported this claim of plaintiff and Dr. Mauterer, his own examining physician, testified positively that he found no objective evidences of injury, and did not remember whether there was any external indication thereof. However, again we observe that, in our opinion, this fact is not of particular importance. It may be conceded that plaintiff sustained exactly the nature of injury which he related, but, for reasons which are hereafter developed, this fact, in itself, is not sufficient to justify recovery.
The issue here presented is not determinable by the occurrence of an accident but, rather, it is controlled by the question of causal connection between such an injury and plaintiff’s disability. To this issue we address our consideration.
Following the alleged accident plaintiff was first examined by Dr. O. P. Mauterer of Olla on August 7th; was referred to and examined by Dr. T. E. Banks, an orthopedic specialist of Alexandria, on a date which is not definitely established by the record, but which must have been during the same week of the month of August; was attended and treated by Dr. Guy Campbell on August 14th; was hospitalized, upon orders of Dr. Guy Campbell, for a period of two days; consulted Dr. J. M. Kittrell of Jena September 25, 1956, and finally was examined by a doctor, identified only as Dr. Tannehill, at the request of defendants, at some time prior to trial of this suit.
The medical testimony on trial of this case was given by Drs. Campbell, Kittrell and Mauterer, all of whom were tendered as witnesses on behalf of plaintiff.
There can be no question as to the fact that plaintiff’s disability has resulted from the heart condition which manifested itself in the attack suffered on August 14, 1956. Counsel for plaintiff contends that this attack and the resulting disability were super-induced by the accidental injury of August 2nd. The answer to this proposition must, of necessity, be determined by the testimony of the medical experts above named. The testimony of Dr. Mauterer throws no light upon the question, inasmuch as he never examined plaintiff subsequent to the occurrence of the heart attack of August 14th and therefore expressed no opinion with reference to a possible connection between the accident and such condition.
Dr. Campbell, who was called to examine and treat plaintiff on August 14th and who *852 diagnosed his condition as a coronary occlusion, testified positively that this condition could not be attributed to the trauma of the leg allegedly sustained by plaintiff. This witness also testified that a clot which might have existed as the result of throm-bophlebitis suffered by plaintiff in 1953, even if dislodged by a blow, could not have caused the occlusion suffered by plaintiff on August 14, 1956.
Dr. Kittrell testified that it was “improbable” that plaintiff’s condition of coronory occlusion could have resulted from a traumatic injury to the leg; that it was extremely improbable that such an injury could have loosened a clot or formed a new clot; that the time element with respect to the occurrence of an injury on August 2nd and the coronary occlusion on August 14th “lessens the possibility that the injury had anything to do” with the coronary occlusion, and that, in his opinion, such an effect, if attributable to the injury, would have occurred almost immediately.
The testimony of Drs. Campbell and Kittrell leaves no ground for doubt. The conclusion is inescapable that plaintiff has completely failed to establish even a reasonable probability of any causal connection whatsoever between an accident of August 2nd and the coronary occlusion suffered on August 14, 1956.
Before this court learned counsel for plaintiff vigorously complains of a number of errors with respect to the findings and conclusions of the district judge. It is argued that the trial judge grievously erred in giving weight to plaintiff’s failure to call Dr. Banks as a witness, and it is insisted that he further erred in denying plaintiff the right to establish his reasons for not calling Dr. Banks. Frankly, we think this point is unimportant. Certainly it cannot be conceded that Dr. Banks’ testimony would have been favorable to plaintiff, and, on the other hand, we find it unnecessary to accord any weight, under the circumstances, to the well established principle that failure to call an available witness must be construed as indicative of unfavorable testimony. We have given no weight to this point either for or against either of the parties litigant.
Plaintiff’s counsel further insists that failure on the part of defendants to call Dr. Tannehill as a witness must be construed as an admission that his testimony would be unfavorable. In the instant case we do not think this conclusion would be justified. Since plaintiff has failed to establish his claims on the basis of the testimony of his own medical expert witnesses, there was no necessity on the part of defendants to introduce any further testimony which might be merely cumulative in effect. Where there is no conflict in the medical testimony which is convincing as against plaintiff’s claims in the instant case, the failure of defendant to call another medical witness does not warrant the application of the presumption that his testimony would be unfavorable. Teekell v. Travelers Ins. Co., La.App., 83 So.2d 536.
The instant case, under the facts established, is easily distinguished from the cases of Sepulvado v. Mansfield Hardwood Lbr. Co., La.App., 75 So.2d 529, and Roberson v. Michigan Mutual Liability Co., La.App., 90 So.2d 465, in both of which recovery was allowed to plaintiffs. The facts of the case before us are analogous to those found in Hastings v. Homewood Development Co., La.App., 84 So.2d 883, in which recovery was denied.
In the three cases above cited the court made the effort to carefully analyze the •basis for the establishment of a causal relationship between injury and a resultant heart condition.
In the case before us none of the elements such as exertion, heat, exhaustion, etc., were present. The record conclusively establishes the fact that this plaintiff had suffered over a period of years from a serious heart condition, but, in our opinion, there is nothing in the record which would *853 justify the conclusion that this condition was exaggerated or worsened, in any degree, either by his usual activity in the ■course of his employment by this defendant ■or by an injury. It follows, failing adequate proof on these points, that recovery should not be allowed.
Summarizing our findings, we are of the opinion that the issue presented by this appeal is solely factual and has been conclusively determined by the testimony of plaintiff’s own witnesses adversely to plaintiff’s claims.
We find no error in the judgment from which appealed, and, accordingly, the same is affirmed.