FRUGÉ, Judge ad hoc.
Plaintiff appeals from a District Court judgment rejecting his demands for additional workmen’s compensation.
The suit is for total permanent disability for injuries received while in the course of his employment in a hazardous occupation, the date being December 23, 195S. Compensation was paid from the date of the accident through January 18, 1957, at the rate of $30 per week for a total of $1,680 plus medical bills totalling $1,318.11.
The issue is whether or not plaintiff has fully recovered from the injuries sustained from the disabling accident. Dr. Moss M. Bannerman, an orthopedic surgeon of over twenty years experience, on October 29, 1956 had this to say: “Examination on Willie from an orthopedic standpoint at the present time is quite encouraging. He shows a full range of motion in both legs. The atrophy previously noted in his left thigh is no longer discernible on examination. Strength appears to be excellent, he still complains of some tenderness in his groin and his lower back, but these are difficult to localize. Movements in the leg and the left hip region appear to be normal. The x-rays on his pelvis were not repeated at this time as the previous pictures had showed evidence of satisfactory healing. On a basis of the present examination, it would appear that Mr. Jones has gone on to a full recovery and no longer requires active treatment for his fracture. It would be my belief that he would be able at the present time to return to hard labor without difficulty. Insofar as the fractured pelvis is concerned, no residual disability can be discerned.” On January 22 of 1958, Dr. Bannerman testified by deposition. On that date he reaffirmed his opinion of October 29 of 1956 by stating that he considered Mr. Jones fully recovered as of January 18, 1957. He stated that he had two examinations of Mr. Jones, the first time Jones’ complaints were primarily referred to his leg and his hip region and on the second time he complained of pain in his back and also of the passage of blood.
According to the record it would appear that Mr. Jones about five months after the accident developed an acute prostatitis condition which incidentally is testified to by the doctors who treated him as fully recovered from that illness. It is the *548 medical testimony in the record that there is no causal connection between this prosta-titis condition with that of his injury of December 23, 1955. In justice to plaintiff, Dr. Claude Baker testified in a deposition of January 22, 1958 that according to the history given by the patient he was definitely of the opinion that the injury caused the prostatitis. However, Dr. Baker did subsequently in his testimony reduce the effectiveness of this opinion by stating that inasmuch as Mr. Jones was not catheterized immediately after the accident while at Thibodaux, Louisiana, that there was a possibility that this infection of the prostates could be not as a result of the accident. He readily stated that any male of any age over puberty is subject to prostate infection whether injured or uninjured. He stated that Jones was able to return to hard manual labor as of January 1, 1957.
Drs. James Anders and R. R. Rose, general practitioners testified but their testimony is not of sufficient importance to affect this case.
The injury which has resulted in this suit was caused by falling timbers on the plaintiff while he was operating a truck hauling lumber for defendants for some oil fields in LaFourche Parish. There is no allegation in the petition set forth in aggravation of any prostatic condition. There could have been an injury to the bladder in that region which could have caused bleeding such as the plaintiff is suffering from, as of the date of the trial but the medical testimony in the record shows conclusively that if such injury occurred at the time of the accident, the bleeding would have been immediately following the accident and not four or five months afterward as testified to by the plaintiff and his wife.
The credibility of the plaintiff must have been severely tested in the trial court. He first stated that he was unconscious at the clinic in Thibodaux immediately following the accident whereas the record disclosed that that is not a fact. The most severe blow to his credibility is the fact that he was convicted for perjury in the parish of Calcasieu for using his brother’s name and his brother’s social security in connection with a compensation claim in the Court of that Parish. Besides that, though not conclusive in themselves, he has had two compromise settlements for compensation in the Parish of Tangipahoa, one against the Kellogg people and the other against Louisiana Power and Light Company. Evidently the trial court must have been impressed by this man’s bad record even though there is no question that he was actually injured on December 23, 1955. He could have very well been to the penitentiary as he had for perjury and still have a genuine and bona fide accident for which he was due and could collect compensation provided he could prove it in court. In this case the trial court found that he failed to sustain the burden of proving his case by a preponderance of the evidence as required by law. See Kenner v. Fidelity & Casualty Company, La.App., 96 So.2d 509; Keene v. Caraway and McDougal Lumber Company, La.App., 95 So.2d 849; Gillespie v. American Bakeries Company, La.App., 98 So.2d 104, and several other cases in line too numerous to mention.
The trial court found that the present complaints of claimant to-wit: bleeding from rectum and bladder has not been substantiated by medical testimony in this record to be connected to the accident of December 23, 1955. The trial court further noted that upon request of the physicians of the claimant to furnish specimens that no such specimens were ever made available to them by the claimant.
We conclude that there is no manifest error in the findings of the trial court. For that reason and for the reasons herein-above outlined, the judgment of the District Court will be affirmed.
Affirmed.