125 So.2d 221 (1960)
Leoda Dubois PREJEAN et al., Plaintiff and Appellant,
v.
BITUMINOUS CASUALTY CORPORATION, Defendant and Appellee.
No. 123.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
Edwards & Edwards, by Nolan J. Edwards, Crowley, for plaintiff appellant.
Charles T. Everett, Crowley, for defendant appellee.
Before FRUGE, CULPEPPER and TATE, JJ.
CULPEPPER, Judge.
This is a suit brought under the Workmen's Compensation Act by the legal dependents of Ogden Prejean for death benefits under the provisions of LSA-R.S. 23:1231. From an adverse judgment in the lower court, plaintiffs have appealed.
There is very little dispute as to the facts. The evidence discloses that Ogden Prejean had worked as a policeman for the City of Crowley for approximately eight years. He was a patrolman and his principal duties consisted of driving the police patrol car about the streets of Crowley. In response to calls which he received over his automobile radio, the plaintiff investigated fights, burglaries, drunks, family troubles and law violations of all types. When necessary he made arrests and used such physical force as was necessary in doing so. He also watched for traffic violations and generally performed the duties of a law enforcement officer. On the morning of Saturday, February 22, 1958, the plaintiff reported to duty at approximately 5:00 o'clock *222 a.m. and went on his usual patrol duty. He and a fellow officer, Wiltz C. Richard, rode in the same patrol car until daylight and then they separated and drove separate automobiles. Officer Richard testified that during the time he was with Prejean they simply rode around in a patrol car and made no arrests nor did anything else which required any physical exertion. The record is entirely void of any evidence as to Prejean's activities from the time he left Officer Richard until approximately 10:00 o'clock a.m. when he drove back to the police station and told the desk sergeant, Fred D. Spell, that he was "feeling awful bad and was going to the hospital to get a dose of medicine for his stomach." Prejean then left the police station and walked to the hospital, which is just around the corner from the police station. At the hospital Prejean was seen by Dr. H. L. Gardiner, who diagnosed a heart attack. Prejean was immediately hospitalized and later that day was seen by Dr. Bliss K. Shafer, a specialist in internal medicine, who confirmed the diagnosis of coronary occlusion due to pre-existing coronary artery disease and resulting in acute posterior myocardial infarction. It is unnecessary here to say anything more about Prejean's further medical history than to state that he died on November 14, 1958, of cardiac arrest resulting, at least in part, from the heart attack which he suffered while on duty as a patrolman on February 22, 1958.
The sole issue for determination by the Court is whether there is any causal relation between Prejean's employment and the heart attack which he suffered on February 22, 1958. In the absence of any evidence that on the morning of the attack Prejean was doing anything other than driving around in the patrol car, plaintiff has urged two possible theories under which she urges that this heart attack is covered by the Workmen's Compensation Act. First of all, plaintiff argues that the weather was rather cool and drizzly and since Prejean was not wearing an overcoat, unusual demands were made on his heart sufficient to induce the attack. Although it is true Dr. Shafer did testify that if an individual is not dressed properly cold weather can produce vessel spasm, the evidence in this case does not show that the weather was particularly cold, all of the witnesses having described the temperature as simply "cool". Furthermore, Officer Richard testified that Prejean was wearing a jacket which was certainly adequate for the cool temperature.
Plaintiff also argues that Prejean's general duties as a policeman over the previous eight years were such as to cause great mental and physical stress which was a contributing cause to this heart attack. The answer to this argument is simply that this type of previous activity over a period of time before the heart attack does not meet the legal requirement of an accident under our workmen's compensation law. A very similar factual situation was presented to our Supreme Court in the oftencited case of Nichelberry v. Ritchie Grocer Company, 196 La. 1011, 200 So. 330, 333, where the plaintiff, a common laborer, contended that his heart attack was caused by the heavy physical labor which he performed during his employment over a period of several months. In denying compensation benefits, our Supreme Court recognized the legal requirement of proving an accident under our workmen's compensation law, and held, as follows:
"The case therefore presents a situation where the plaintiff admittedly is suffering from a disease of the heart. When the disease began, what was its origin, and the rapidity with which it has progressed, are all matters of pure speculation. The mere fact that a workman develops heart disease while employed by another does not entitle him to compensation. The employer is not the insurer of his employees. There must be an accident to furnish the basis of any such claim, that is to say, something sudden, undesigned or unexpected and that accident must either cause or aggravate the disease which is the cause of the disability."
*223 The Nickelberry case has been followed many times by our Courts of Appeal and is still the law of this State. See Hastings v. Homewood Development Company, 1956, 84 So.2d 883, and Keene v. Carraway & McDougald Lumber Company, 1957, 95 So.2d 849.
In the instant case there is no evidence that Prejean did anything other than drive around in the police patrol car on the morning of his heart attack. There is no evidence that he performed any duties requiring physical exertion or placing him under mental stress sufficient to cause an extra demand upon his heart, thereby precipitating the coronary occlusion. None of the expert medical witnesses who testified expressed an opinion that there was any causal relationship between Prejean's employment and his heart attack.
Counsel for the plaintiff has cited Kraemer v. Jahncke Service, Inc., La.App., 83 So.2d 916, but in that case we actually find the Court denied recovery where a crane operator had done only minor supervisory work for two hours before his first heart attack, after which he stopped work and then suffered his fatal attack while dressing before leaving his employment. Clearly this case is of no assistance to the plaintiffs in the instant litigation. Plaintiff also cites Neldare v. Schuykill Products Company, Inc., La.App., 107 So.2d 487, where plaintiff's regular duties consisted of heavy physical labor at a cinder hearth under conditions of excessive heat and plaintiff suffered a heart attack while doing this type of work. The Court allowed recovery under the doctrine with which we agree completely, that it is not necessary that the attack be the result of unusual physical effort, if the diseased organ gives way while plaintiff is performing his usual and customary heavy duties. In the instant case there is no evidence that Prejean, immediately preceding his heart attack, was performing duties requiring heavy physical exertion.
The last case cited by plaintiff is Brian v. Employers Casualty Company et al., La. App., 111 So.2d 161, where the employee had suffered two previous attacks and had been instructed not to engage in strenuous physical activity, but, despite this advice, he performed heavy physical labor during the noonday heat and suffered a fatal attack approximately one hour later. The Court, on the basis of the expert medical testimony, found that there was a causal relationship. This case also is clearly of no assistance to the plaintiff here.
For the reasons hereinabove set forth, it is, therefore, our opinion that the judgment of the lower court must be affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.