SANDERS, Justice
(dissenting).
The plaintiff suffered a cerebral thrombosis while engaged in the hurried activity *50 ■of an employment emergency under an •emotional shock of a severe nature. The majority denies recovery on the grounds that the cerebral thrombosis is not an “injury” and that it was not occasioned by an “accident”, within the meaning of the Louisiana Workmen’s Compensation Law. I cannot subscribe to this holding.
The prior jurisprudence has soundly ■established that cerebral thrombosis is a ■compensable injury under the Workmen’s •Compensation Law. Sepulvado v. Mansfield Hardwood Lumber Co., La.App., 75 So.2d 529; Roberson v. Michigan Mutual Liability Co., La.App., 90 So.2d 465; Brian v. Employers Casualty Co., La.App., 111 So. 2d 161.
While recovery has been denied for a thrombosis in a number of cases, the denial has been based on the lack of causal connection with the employment. Hence, these decisions confirm the premise that thrombosis is a compensable injury. Brown v. Aetna Casualty & Surety Co., La.App., 96 So.2d 357; Keener v. Fidelity & Casualty Co. of New York, La.App., 96 So.2d 509; Leonard v. Consolidated Rock, La.App., 101 So.2d 736; Prejean v. Bituminous Casualty Corp., La.App., 125 So.2d 221.
In holding that the circumstances shown •do not constitute an accident,'the majority •opinion has apparently reverted to a restrictive definition of “accident” so as to require the immediate appearance of outward signs of physical hurt. In so doing, the opinion jettisons the previous jurisprudence. Injuries by strain, exertion, lead poisoning, exposure to poison ivy, sun burn, heat stroke, and fright, among others, have consistently been held to be of accidental origin, although no immediate outward signs of physical hurt appeared. See Johnson v. Zurich General Accident & Liability Insurance Co., La.App., 161 So. 667; Rochell v. Shreveport Grain & Elevator Co., La.App., 188 So. 429; Roberson v. Michigan Mutual Liability Company, La.App., 90 So.2d 465; and Malone, Louisiana Workmen’s Compensation Law and Practice, §§ 212-216, pp. 257-274.
The real issue in the case, as I see it, is whether the occupational activity (reception of the death message followed by hurried exertions) had a causal relation in a medical sense to the injury suffered. After a careful review of the evidence, the Court of Appeal found that the causal connection had been established by a preponderance of the evidence. I share this view.
In my opinion, the present decision has the effect of withdrawing the coverage of the Louisiana Workmen’s Compensation Law from substantial areas of work-connected harm previously recognized as compensable.
For the foregoing reasons, I respectfully dissent.