FRUGÉ, Judge.
This is a workmen’s compensation suit brought by George Laroux, Jr. against his employer-defendant, Hunt Lumber Company, Inc., after the defendant stopped paying plaintiff workmen’s compensation benefits.
It is stipulated to as between the parties that plaintiff was employed by defendant and performed heavy work. On July 25, 1961, plaintiff experienced an accident on the job causing a back injury and rendering him totally disabled. From July 25, 1961 until March 21, 1966, defendant paid plaintiff workmen’s compensation benefits in the sum of $35.00 per week. On that latter date, defendant stopped payments because it had reason to believe that plaintiff was no longer disabled from doing the type work he had done previously.
Suit was filed by plaintiff, and after a trial on the merits, the trial court concluded that plaintiff had sufficiently sustained his burden of proving that he continues to be totally and permanently disabled from performing the heavy type work he had been doing for defendant before his injury.
Defendant has appealed from the trial court’s ruling and in this court argues only that plaintiff has failed to bear his burden of proving that he is still unable to perform heavy labor.
As properly pointed out by the trial court, the medical evidence is of primary evidence in determining plaintiff’s disability. But in the event that the medical evidence is conflicting, it is proper to consider and to attribute weight to lay testimony to resolve the conflict.
Plaintiff primarily relies upon the medical report and the testimony of Dr. Murdock, who had treated plaintiff for his prior back injury, and who had examined plaintiff on a number of occasions between 1961 and 1967. Dr. Murdock testi *769 fied that in November, 1966, he examined plaintiff and had X-Rays taken. The X-Rays revealed some loss of the normal lordotic curve in the lumbar region, which suggested a lumbosacral strain. He also observed that plaintiff’s left leg was larger in dimensions than his right leg. This tended to indicate that plaintiff prefers his left leg, which is unusual for a right-handed person. Also, plaintiff’s motion of his right leg was somewhat limited and some muscle spasm was found in plaintiff’s lower back. These objective findings appear consistent with plaintiff’s subjective complaints of pain in his back (and extending down his right leg) from extremes in back motion, from lifting objects, and from standing or sitting for extended periods of time. Dr. Murdock’s conclusions from his last examination was that plaintiff could still not perform heavy work, but that he could make a livelihood from doing light work. Dr. Murdock opined that plaintiff may yet be suffering from a “myofacial strain — lumbosacral region with possible herniation of interver-tebral disc”.
Defendant’s evidence included the reports from orthopedic specialists which were obtained for trial purposes. Dr. Davis examined plaintiff on March 14, 1966. Dr. Davis found no orthopedic condition and concluded that plaintiff “can perform any type of work he so desires. He has a very good back by X-Ray examination. * * * [and he] can do hard, manual labor without any trouble.”
Dr. Oxford found that plaintiff apparently had experienced “some restriction of motion of the lumbar spine with complaint of pain in the lumbosacral junction on the extremes of motion. * * * Palpation reveals tenderness to deep pressure * * * in the lower lumbar region”, that X-Ray examination indicated “no evidence of bone or joint injury or disease”. With the exception of the limitation of motion, Dr. Oxford found no objective signs of disability, but concluded that plaintiff might have a “[pjossible small protruding ruptured disc in the lower lumbar region of the spine” (April 1, 1966).
Dr. Hatchette examined plaintiff on May 31, 1966. He found that plaintiff complained of pain and discomfort upon extreme motions of his back, but that his motions were “within normal limits”. The X-Rays revealed “an essentially normal lumbar spine”. Dr. Hatchette concluded that “this man has a history that is suggestive of a herniated disc and the right lumbar spine region. The examination, however, is essentially negative except for the positive straight leg raising on both sides. I do not believe that this is enough to make a diagnosis of a herniated disc, of course, and from a clinical standpoint, this man is capable of carrying on some gainful employment.”
Defendant’s final examining specialist was Dr. Cline who examined plaintiff on June 23, 1967. Dr. Cline noticed that plaintiff held his back rather stiffly, but that he did not suffer any great restriction of motion. He found that plaintiff experienced tenderness upon application of pressure in the lower back. He found no limitation of motion of the back and no muscle spasm. He also found limitation of plaintiff in the “straight-leg-raising test” and accompanying pain. The X-Rays indicated no apparent injury. Dr. Cline concluded that all plaintiff’s complaints were subjective and that there was no other evidence of a severe back sprain. “I find no residual from any previous back injury at this time.”
Drs. Cline and Davis were the only physicians who felt that plaintiff, at the time of their examination, did not have a disabling back injury. Dr. Hatchette felt from his examination that plaintiff could perform the work of a normal 34-year-old man, but he added that plaintiff’s complaints and history were suggestive of a herniated disc, the actual existence of which could not be definitely determined unless a myelogram were conducted on plaintiff. Dr. Oxford also *770 recognized the possibility of a ruptured disc.
Thus it appears that the opinions of Drs. Davis and Cline conflict with that of plaintiff’s treating physician, Dr. Mur-dock, and that the examinations of Dr. Hatchette and Dr. Oxford are inconclusive.
There is no need to consider the testimony of each of the lay witnesses separately. All were called on behalf of plaintiff and all testified substantially that since 1961 plaintiff has not been able to lift heavy objects or to remain standing for long periods of time without suffering pain and that he is only able to perform light work. None of them have noticed any appreciable change in plaintiff’s condition since his injury in 1961. Plaintiff himself testified that he experienced pain and discomfort, when he remains on his feet or in a sitting position for long periods of time. He also testified that he cannot lift heavy objects and that he is simply unable to perform heavy work.
It is our opinion that the testimony of Dr. Murdock should be given greater weight than that of the other examining physicians because Dr. Murdock had treated plaintiff for his back condition since 1961 and is best qualified to actually know the extent of plaintiff’s disability. And in considering, with the medical reports, all the lay testimony uniformly to the effect that plaintiff is unable to perform any heavy work, we hold that the trial court was not manifestly erroneous in concluding that plaintiff had sufficiently sustained its burden of showing that he is unable to return to the same type work that he had been doing before his back injury in 1961. Therefore, we conclude that plaintiff remains totally and permanently disabled.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.