MILLER, Judge.
Plaintiff, William O’Quinn, Jr., filed this workmen’s compensation suit against his former employer, Southern Pipe and Supply Company, Inc., and its insurer, Liberty Mutual Insurance Company. After trial on the merits, the trial court found that plaintiff had not sustained the burden of proving that he was still disabled from performing the type of work he was doing prior to the accident and dismissed the suit. Plaintiff has appealed from that judgment.
The facts are not in dispute. Plaintiff was injured on January 9, 1967 while employed by defendant Southern Pipe and Supply Company, Inc. He was sent by his employer to Dr. R. P. Foster, general surgeon of Alexandria, complaining'of pain in the left testicle. Dr. Foster treated plaintiff with antibiotics and he returned on January 31, 1967, still complaining of pain in this region. Dr. Cappel, a partner of Dr. Foster’s, saw plaintiff and indicated minimal swelling and tenderness. Dr. Foster saw plaintiff again on February 7, 1967 and stated that plaintiff had developed a large varicocele (swollen or knotted condition of veins in the spermatic cord) in the left scrotum. On February 21, 1967, under local anesthesia, penniform plexis in the left scrotum was removed, with a pathologic diagnosis of varicose veins. Dr. Foster saw plaintiff many times in his office after the operation, stating that plaintiff always walked very slowly and appeared to be in great discomfort which the doctor felt was out of keeping with the physical findings. On June 14, 1967, plaintiff was discharged as being able to return to work. Compensation payments of $35.00 per week were paid from February 21, 1967 to June 19, 1967 at which time they were stopped.
On June 30, 1967, plaintiff’s .attorney sent him to see Dr. George Azar, general surgeon of Baton Rouge. Dr. Azar found that the left testicle was enlarged and tender and prescribed bed rest and oral penicillin. On July 3, 1967, plaintiff returned and Dr. Azar then recommended a urologist, after a diagnosis of architis (inflammation of the testicles) and/or epididymitis (inflammation of a small structure at the upper pole of the testicle). Dr. Azar concluded, however, that he could not say what caused this condition and that he would defer to the opinion of a urologist since this was out of his field.
On August 10, 1967, plaintiff went to see Dr. Mortimer Silvey, urologist of Baton Rouge. Dr. Silvey saw the plaintiff on August 10, August 30, and September 8, 1967 and after a series of examinations, tests and x-rays, concluded that he could find nothing to account for plaintiff’s complaints of pain.
The trial judge found that plaintiff had recovered from the medical condition that previously existed “whether it w.as caused by accident during the course and scope of his employment or not”. He stated that Dr. Azar was the only doctor to find any adverse medical condition after June 14, 1967, but his uncertainty in this field of medicine caused him to defer to the opinion of a urologist, who found nothing.
*322 Dr. Foster, the treating physician, felt that plaintiff exaggerated his condition throughout the course of treatment. The trial judge, as is his prerogative, if not his duty, observed that the plaintiff “put on very heavily and presented a grotesque gait in walking to the witness stand.”
See Jones v. Remington-Rand, Inc. (2nd La.App. 1956) 86 So.2d 628 and 90 So.2d 580. It is significant that despite his complaints of prolonged and intense pain, plaintiff did not obtain the services of a medical doctor who could relieve this pain or relate it to the injury.
In answer to plaintiff-appellant’s argument that the lay testimony of plaintiff’s family and neighbors should be considered, the trial judge’s reasoning is appropriate: “If he put on at home, and apparently he did from the testimony, like he did in the courtroom then the opinion that the lay people have is of no value because of the plaintiff’s gross exaggeration.” Moreover, the medical testimony should be at odds before any significant value is attributed to lay testimony about one’s medical condition. Laroux v. Hunt Lumber Company (3rd La.App. 1968) 209 So.2d 768. Of three doctors who examined and treated plaintiff, only one found any evidence of medical disability after June 14, 1967, and that one, Dr. Azar, stated that he could not relate it to the injury and his uncertainty in the field would cause him to defer to a specialist in urology. Dr. Silvey, urologist, could find nothing wrong with plaintiff.
The trial court found that plaintiff had failed to carry the burden of proving his disability after June 14, 1967 and we agree.
The judgment of the trial court is affirmed and all costs are taxed to plaintiff-appellant.
Affirmed.