YARRUT, Judge.
This is a Workmen’s Compensation suit in which Defendant appeals from a judgment awarding Plaintiff $35.00 per week for 400 weeks, plus all medical expenses not to exceed $2,500.00, for total and permanent disability.
Plaintiff was a travelling salesman who served customers throughout southern Louisiana. On June 10, 1965, while driving an automobile in the City of New Orleans to call on a customer, he suffered a coronary occlusion.
His treating physician, Dr. John J. Sig-norelli, a specialist in internal medicine, testified that, in addition to the coronary occlusion, Plaintiff was also suffering from angina pectoris, a disease caused by arteriosclerosis.
Plaintiff remained in the hospital for twenty-nine days and then gradually attempted to resume his duties. He was never able to fully resume them because of the pain he suffered during increasingly frequent angina attacks. Finally, in February of 1966 he was hospitalized because of his angina attacks, and one month later he was discharged by his employer because of his inability to perform his duties satisfactorily. He had not resumed work at the time of trial in June, 1967.
After he ceased employment, he consulted Dr. Oscar J. Bienvenu, an internist at Ochsner Foundation Hospital, who testified Plaintiff underwent an operation to relieve his severe angina pains. Dr. Bien-venu testified Plaintiff has gradually been recovering.
The question before us is whether Plaintiff’s disability is compensable under the Workmen’s Compensation Law. In deciding this, we are bound by the Supreme Court case of Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, 245 La. 33, 156 So.2d 468, in which it was held that emotional strain created by one’s job resulting in vascular disease was not compensable. The Supreme Court applied the following test to determine whether strokes or,heart attacks were com-pensable under Workmen’s Compensation Law:
“The jurisprudence applicable to disability from heart ailments and other vascular diseases constitutes an extension of the provisions of the Act to cover illness or death from ‘disease’ so long as the workman is engaged in physical labor even though there is factually and, in reality, no ‘accident’ or traumatic ‘injury’ to the structure of the body as those terms are defined by paragraphs (1) and (7) of R.S. 23:1021, which we have quoted above. This extension of coverage has been accomplished by the courts under the guise of a liberal interpretation, to which the provisions of the statute are to be accorded, and the cases are so numerous and consistent on the subject that we now must regard the validity of the holdings to be a closed question.
“However, certain limitations or ground rules, so to speak, have been applied by the courts in determining whether there has been an ‘accident’ within the mean *777 ing and intendment of the law. First and foremost, it may be said that the vascular disease cases have been limited to employees who perform manual labor and recovery in such instances will not be permitted unless it is shown that the diseased organ gives way or its function is impaired while the laborer is discharging his usual and customary laborious work. * * * ” (Emphasis added.)
There are then two tests that must be fulfilled in heart attack cases: (1) The claimant must be a manual laborer performing his usual laborious duties; (2) there must be a causal connection between the manual labor and the heart attack.
The first test specifies that the claimant must be a manual laborer. But even assuming arguendo that a heart attack suffered by a salesman doing manual labor would be compensable, the Plaintiff in the instant case cannot recover under the Dan-ziger rules.. The only manual labor connected with Plaintiff’s job was that he occasionally had to stock shelves with Defendant’s merchandise. There is no evidence that Plaintiff suffered either his heart attack or angina pains as a result of stocking shelves. Neither physician testified that Plaintiff’s condition resulted from physical labor.
Admittedly, Plaintiff suffered his coronary occlusion while he was driving an airconditioned automobile within the course and scope of his employment. We must then decide whether the driving of. an automobile is physical exertion sufficient to bring Plaintiff within the purview of the Danziger decision.
On point is Prejean v. Bituminous Casualty Corporation, La.App., 125 So.2d 221, in which a policeman was driving a patrol car immediately before he suffered a heart attack. The Court in the Prejean case held that this exertion was not sufficient to establish a causal connection between his employment and the heart attack.
Furthermore, in the instant case, there was no medical evidence that the driving of the automobile caused either Plaintiff’s coronary occlusion or an angina attack.
With regard to the causal connection between Plaintiff’s employment and his disability it is noteworthy that Plaintiff’s disability was not caused by his coronary occlusion but by angina pectoris, a chronic condition. Dr. Bienvenu testified that this condition results from a narrowing of the coronary arteries caused by arteriosclerosis. When asked if the disease is progressive, he answered that it usually “worsens.”
Plaintiff testified that his condition grew progressively worse until he was unable to perform his duties satisfactorily.
In Seals v. Potlatch Forests, Inc., La.App., 151 So.2d 587, 244 La. 398, 152 So.2d 63, a lumber inspector who was suffering from angina, suffered an attack as he “flipped” twenty-five or thirty boards, each weighing from ten to sixty pounds. Although he was totally and permanently disabled because of his angina condition, the Court only awarded him temporary disability due to the accident suffered when he lifted the boards. The Court held there was no causal connection between the accident and plaintiff’s permanent disability, as his permanent disability was caused by “the normal progressive nature of the disease.”
The Trial Judge relied on this Court’s decision in Griffin v. Employers’ Liability Insurance Company, La.App., 186 So.2d 349, in awarding Plaintiff compensation for permanent and total disability. However, we find the Griffin case is not apposite here.
In the cited case, Plaintiff was a porter who was lifting sacks of trash and waste paper before his stroke occurred. He was obviously a manual laborer performing his usual duties, bringing him within the purview of the rules set down in Danziger v. Employers Mutual Liability Insurance Company of Wisconsin, supra. Because it was not proven that Plaintiff was engaged *778 in any physical exertion within the scope of his employment which contributed to his disability, we find that his disability is not compensable.
Therefore, the judgment appealed from is reversed; Plaintiff to pay all costs in both Courts.
Judgment reversed.