231 So.2d 657 (1970)
Ollie STARKS, Jr., Plaintiff-Appellant,
v.
HARDWARE MUTUAL CASUALTY COMPANY et al., Defendants-Appellants.
No. 11355.
Court of Appeal of Louisiana, Second Circuit.
February 3, 1970.
*658 Lewis Weinstein, Shreveport, for appellant-appellee, Ollie Starks, Jr.
Mayer & Smith, by Sam A. Smith, Shreveport, for North Louisiana Grocery Co. and Liberty Mutual Insurance Co.
Bodenheimer & Jones, by G. M. Bodenheimer, Jr., Shreveport, for Shreveport Grain & Elevator Co. and Hardware Mutual Casualty Co.
Before BOLIN, PRICE and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an action for workmen's compensation, penalties and attorney's fees. Plaintiff, Ollie Starks, Jr., age 39, suffered a heart attack or myocardial infarction, in the afternoon of December 22, 1967 while he was engaged in manual labor consisting of loading 25 pound sacks of meal at the mill of defendant Shreveport Grain and Elevator Company. Before this attack occurred, plaintiff was what is commonly called a moonlighter. He worked for Shreveport Grain during the day and after hours he was employed by North Louisiana Grocery Corporation. Shreveport Grain and its workmen's compensation insurer, Hardware Mutual Casualty Company, answered plaintiff's petition denying the occurrence of an accident and based their refusal to pay benefits on the ground that the physician's report stated that this condition had no connection with plaintiff's employment. Assuming the position of third-party plaintiff, Shreveport Grain joined North Louisiana Grocery Corporation and its insurer, Liberty Mutual Insurance Company as defendants, alleging that if plaintiff was found to have suffered a compensable accident that North Louisiana Grocery Corporation and its insurer should be cast in judgment solidarily with Shreveport Grain, or alternatively, that Shreveport Grain as third-party plaintiff should have judgment over and against third-party defendants for one-half of any judgment rendered in Starks' favor against Shreveport Grain. North Louisiana Grocery Corporation and Liberty Mutual Insurance Company, their insurer, answered the petition of Shreveport Grain and Hardware Mutual, praying that judgment be rendered rejecting the demands against them entirely. The trial court rendered judgment in plaintiff's favor against Shreveport Grain. The trial court held plaintiff to be totally and permanently disabled as the result of a compensable injury sustained while working for Shreveport Grain and therefore entitled to workmen's compensation and medical payments. Penalties and attorney's fees were denied. The third party claim of Shreveport Grain and its insurer were rejected. Plaintiff has appealed urging that the trial court erred in refusing to assess penalties and attorney's fees. Defendant Shreveport Grain has also appealed.
Counsel for Shreveport Grain in the trial court and on this appeal takes an approach that is novel to the courts of Louisiana. Concisely stated his position is that the probable cause of the heart attack in the instant case was the chronic fatigue resulting from plaintiff's holding two jobs. He maintains that the trial court was thus in error in not reaching this conclusion on the basis of the medical evidence and in not casting all defendants in judgment in solido. Appellant has not seriously questioned the compensability of plaintiff's claim on this appeal. The evidence shows that plaintiff normally worked from eight to five at Shreveport Grain as a manual laborer. He began work with North Louisiana Grocery at six o'clock p.m. working until as late as two o'clock a.m. on occasion. His normal duties on his second job consisted of operating a fork lift. He worked every night from Sunday through Thursday. On the night before the attack, a Thursday, plaintiff testified that he worked at the grocery company for only two and one-half hours and that they usually finished early on that day. He testified that he went to bed at ten o'clock p.m. and slept until 7:30 o'clock a.m. the following morning. The trial judge found *659 that plaintiff had been sacking and handling bags of meal and feed which weighed from five to one hundred pounds the morning before his attack. After lunch he engaged in loading twenty-five pound sacks of meal when the attack occurred. These were his regular duties. The jurisprudence is clear that where physical effort contributes to or accelerates death or disability the requirements of a compensable accident are met, even though there is, no unusual or unaccustomed activity on the job. Danziger v. Employers Mutual Liability Insurance Company, 245 La. 33, 156 So.2d 468 (1963); Prater v. Liberty Mutual Insurance Company, 182 So.2d 805 (La.App. 3d Cir. 1966).
All of the doctors testified that the disability to Starks was the results of a myocardial infarction; that this may be caused by many contributing factors. The evidence was that plaintiff's chronic fatigue may well have been one of these factors. The tests to be met by plaintiff in establishing his right to workmen's compensation are set out in the case of Spokes v. Kendall Company, 211 So.2d 775 (La.App. 4th Cir. 1968) wherein the court stated:
"There are then two tests that must be fulfilled in heart attack cases: (1) The claimant must be a manual laborer performing his usual laborious duties; (2) there must be a causal connection between the manual labor and the heart attack."
[211 So.2d 775, 777]
The first of these tests was met by plaintiff who proved that he was performing his usual laborious duties at the time of his actual myocardial infarction. The second was equally met when the doctor testifying for the defendant Shreveport Grain stated that plaintiff may have had a predisposing factor or a weakened condition but the actual precipitating factor was the amount of plaintiff's physical exertion that occurred at the moment of his myocardial infarction thereby leaving no room for doubt of the causal connection between plaintiff's manual labor and the heart attack. Plaintiff's proof shows beyond question his continued disability was caused by a compensable injury suffered while on the job at Shreveport Grain and Elevator Company. The trial court held for the plaintiff and with this holding we agree.
The workmen's compensation laws of this state only provide for payments to be made for the compensable injury that took place at the job on which the employee was then engaged. Therefore the employer and its insurer at the time of the occurrence of the compensable injury are alone responsible for the workmen's compensation due plaintiff. No contribution is authorized by existing law. LSA-R.S. 23:1031 provides as follows:
"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
"In case any employee for whose injury or death payments are due is, at the time of the injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee; * * *."
Counsel for appellant Shreveport Grain and Elevator Company has been unable to point to any provision of the workmen's compensation act for the support of his contention that contribution should be made by the North Louisiana Grocery Corporation and their workmen's compensation insurer.
The above section sets forth a cause of action for an employee against a single employer or joint employers for injury or death received by "accident arising out of and in the course of his employment." *660 There is no contractual relationship between the employers in this case to make them joint employers as contemplated by the statute. The workmen's compensation statute has been liberally interpreted in favor of the employee by the courts of Louisiana. The act does not, however, authorize the extension of liability beyond that set forth in the statute. The claims of appellant Shreveport Grain and Hardware Mutual against North Louisiana Grocery Corporation and Liberty Mutual Insurance Company are accordingly rejected.
Defendant Shreveport Grain based its refusal to pay workmen's compensation benefits on the report of Dr. Frank Dienst, who stated in his report to the company that in his opinion there was no causal connection between the heart attack and plaintiff's employment. Where there is a bona-fide dispute as to causation of the accident the refusal to pay is not arbitrary or capricious within the terms of LSA-R.S. 23:1201.2.
For the reasons set forth above, the decision of the court below is affirmed. Costs of this appeal are assessed against appellants.