GAUDIN, Judge.
This case concerns the efforts of Ralph Adams and his family to own and operate the Victory Temple Assembly of God church at the intersection of Transcontinental Drive and Kawanee Avenue in Metairie, Louisiana.
Following a lengthy hearing in the Twenty-Fourth Judicial District Court, the trial judge concluded that the church was in fact affiliated with and under the administrative control of the Louisiana District Council of the Assembly of God, Inc., and was not, as Adams contended, in the district court and now on appeal, a local congregational church and a separate corporate entity-
The record fully supports the judgment in favor of the Louisiana District Council, and we affirm it.
BACKGROUND
The Victory Temple of God is an Assembly of God church first chartered in 1953. The original church, located on Derbigny Street in Metairie, was immediately affiliated with the Louisiana District Council and bound itself to conduct its affairs in accord with the constitution and rules of the Louisiana District Council.
After the first pastor, Rev. Ernie Eskelin, left to do evangelistical work under the auspices of the national Assembly of God organization, church membership dwindled to approximately 40 and a substantial debt was incurred. The Louisiana District Council then assumed control and appointed Rev. D.E. Stroud as pastor.
Under Rev. Stroud’s leadership, the church prospered and a fund was started for relocation of the church. Rev. Claude Johnson followed Rev. Stroud as pastor, and the relocation fund continued to grow.
Before a new location could be secured, membership again fell off. The relocation funds were placed in an informal trust by the Louisiana District Council while the search for a new location continued.
When the present site was decided on, the Louisiana District Council approved of the purchase, named Rev. Don Sparks the pastor and released church funds to him. The Metairie property was purchased in the name of the Victory Temple Assembly of God, the original church corporation.
Assisted financially by other Assembly of God congregations, Rev. Sparks supervised construction of the church building. As the structure neared completion, however, Rev. Sparks resigned and Adams and members *664 of his family began to exercise control. They resisted efforts to find a new pastor and begin disassociating themselves with the Louisiana District Council.
By 1974, church membership had dropped to only four persons, Adams, his wife and his two sisters. The church itself fell into disrepair and appeared unused, and once again the Louisiana District Council attempted to assume administrative control, finally filing suit to confirm its authority over the church and church property. As there was nobody to accept service of process — Adams had moved to Mississippi — service was made on the Secretary of State and a default judgment taken. This judgment was nullified by the Fourth Circuit Court of Appeal [1], and the case remanded for trial.
The appealed-from judgment, rendered on June 12,1981, recognized the supervisory authority of the Louisiana District Council and enjoined Adams and his family from interfering with the operation of the church at Transcontinental and Kawanee.
The history of the Metairie church, as presented by numerous witnesses, established clearly the church’s hierarchical nature and its subordinate relationship to the Louisiana District Council.
In the church’s corporate charter, it is stated:
“The general purpose of this corporation or assembly shall be ... to voluntarily enter into full cooperative fellowship with assemblies of like precious faith associated in the Louisiana District Council ... and to share in the privileges and assume the responsibilities ... (of) this association ...”
The bylaws of the Louisiana District Council provide:
“Should the membership of a local church drop below twelve, the District shall have the authority to place said church under District supervision until such time as its membership shall increase to twelve or more members ...”
When the Metairie congregation dropped to four members, the Louisiana District Council had the express authority to step in.
FIRST AMENDMENT
The First Amendment to the Constitution of the United States prohibits civil courts from becoming entangled in essentially religious disputes. See Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2872, 49 L.Ed.2d 151 and Jones v. Wolf, 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775.
These and numerous other decisions require courts to defer to the highest authority of hierarchical church organizations.
From Milivojevich:
“. .. civil courts (should) not disturb decisions of highest ecclesiastical tribunal within church of hierarchical policy but, rather, accept such decisions as binding on them .. .
“Even when rival church factions seek resolution of church property dispute in civil courts there is substantial danger that state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrinal beliefs, and First Amendment therefore severely circumscribes role that civil courts may play ...”
There may be room for marginal court review if fraud, collusion or bad faith is apparent, but these possibilities did not exist with regard to the Metairie church.
In his “Reasons for Judgment,” the trial judge said:
“... the Court is not permitted to intrude upon the constitutionally protected authority of the highest judicature of a hierarchical church body to resolve issues of church policy.”
We agree with the findings that a hierarchical relationship is obvious and that the court should not insert itself into this dispute, and we note further that Adams *665 and his family members made no serious showing that they were the rightful owners of the church or church property. They were not among the original organizers of the church and, other than being members of the Metairie church, had no vested or assumed right to exercise control.
CONCLUSION
The decision of the Twenty-Fourth Judicial District Court in favor of the Louisiana District Council is affirmed.
AFFIRMED.

. See La. District Council v. Victory Temple Assembly of God, 376 So.2d 169 (La.App. 4th Cir.1979).