WILLIAMS, Judge.
This appeal arises from an action filed by plaintiff, Charles Myles and against defendant, T.L. James & Company, Inc. [T.L. James]. Plaintiff had contracted a severe case of contact dermatitis during his employment with T.L. James in April, 1980. Following a determination by his doctor that plaintiff was permanently disabled from his occupation as a cement mason, plaintiff filed suit against T.L. James and two previous employers, Gervais Favrot, Inc. and Gaffney, Inc., who had employed plaintiff periodically during the two years prior to April, 1980. T.L. James filed third party demands against many of plaintiff’s prior employers including Larry Dorion, Inc., Walter J. Barnes Electric Company, Weidner & Company, Inc., Ragusa Brothers, Inc., Turner Construction Company, Bartley, Inc., Boh Brothers Construction Company, Inc., and Mechanical Construction Company of New Orleans, Inc., seeking contribution. Plaintiff amended his petition to name these prior employers as direct defendants. All defendants and third party defendants, with the exception of T.L. James, filed Motions for Summary Judgment contending that they were in no way liable for Mr. Myles’s contracting contact dermatitis since plaintiff had not evidenced any injury while in their employ. The trial court granted defendants’ and third party defendants’ motions for summary judgment based upon the Louisiana Supreme Court’s holding in Carter v. Avondale Shipyards, Inc., 415 So.2d 174 (La.1982), denying contribution or apportionment of compensation between present and past employers. From this grant of summary judgment, plaintiff and T.L. James, as third party plaintiff, have appealed.
Plaintiff had been a cement mason for eighteen years and had worked for a number of employers. He was not regularly employed by any company and ordinarily worked only a few days with each one. Only in the case of T.L. James, Gaffney Construction, and Gervais Favrot did plaintiff work for a substantial period of time. Plaintiff worked for T.L. James, for three or four months prior to his contracting contact dermatitis which caused his disability. Prior to T.L. James, he worked for Gervais Favrot, several days in 1980 and before that, for Gaffney, from May, 1978 until December, 1979, or January, 1980.
The pertinent statutory provisions of the Louisiana Workers’ Compensation Act are found at La.R.S. 23:1031.1(D), which provide as follows:
Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course and arising out of such employment, provided, however, that any such occupational disease so contracted in the twelve months’ limitation as set out herein shall become compensa-ble when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months employment by an overwhelming preponderance of the evidence.
The latest case to interpret this statute is Carter, supra.
In Carter, the plaintiff sued his last employer, Avondale, for Workers’ Compensation benefits as a result of his total and permanent disability due to the contraction of silicosis. He had been employed by Avondale for some nine years when he was forced to quit work due to his total disability. Avondale filed a third party petition against plaintiff’s immediate past employer for whom he had worked for twenty-eight years. With each of these employers plain *739 tiff had been exposed, on a daily basis, to materials which were known to cause silicosis. The Supreme Court, held that plaintiff had established by a preponderance of the evidence, that his employment with both employers were substantial factors causing his disability and that his disease was occupationally related to his employment with these employers. The dissent reasoned that the statute clearly provided that liability lay with the employer at the time of the most recent exposure or injury bearing a causal relationship to the disability. On rehearing, the Supreme Court reversed itself and held that the plaintiff in Carter had failed to show that his exposure at a previous employer was a substantial factor causing him to contract silicosis and become disabled.
In following the holding in Carter, supra, the trial court dismissed T.L. James’ third party demands and dismissed all third party defendants from this suit. As stated by the Supreme Court:
No provision in 23:1031.1 indicates that employers from years back should share responsibility “for paying compensation benefits” with employers of the worker at the time the disease “manifested itself” and “disabled” the worker. La.R.S. 23:1031.1(E).
This is consistent with the other provisions of the Act which places responsibility on the employer at the time of the “accidental injury,” causing disability, and not on previous employers whose conditions might have made the worker only more succeptible to injury...
The decision to require contribution from a former employer whose working conditions might have contributed to the occupational disease which ultimately disables the worker is a policy decision which is best left to the legislature.
Carter, at 181. This decision holds that there is to be no apportionment of compensation payments among present and past employers, and, therefore, the last causative employer is solely responsible for an employee’s disability.
There is no suggestion in the record here, nor in any affidavit submitted on the motion, that plaintiff’s reaction to contact dermatitis had become disabling during any of his prior employments.
Accordingly, we affirm the trial court’s judgment dismissing this suit against the above-named defendants and third party defendants.
AFFIRMED.