RECONSIDERATION
PER CURIAM.
As per directive of the Louisiana Supreme Court[1], we had reconsidered this matter in light of LeBlanc v. Davis, 432 So.2d 239 (La.1983) and Flicker Community Church v. Hitchens, 419 So.2d 445 (La.1982).
In our initial opinion reported at 427 So.2d 662, we discussed the history of the Metairie church beginning in 1953. This history, along with the documents[2] in evidence, shows a firm and long-standing hierarchical relationship between the local church and the Louisiana District Council, and we concluded that Ralph Adams had no authority, vested or assumed, to exercise control in the face of the Louisiana District Council’s attempt to reestablish its Metairie congregation.
As the Supreme Court of Louisiana pointed out in the Fluker congregation decision, the “neutral principles of law” approach to church property disputes “... has been employed in practice by this court and our courts of appeal with increasing frequency.” The courts are constitutionally empowered, the Supreme Court said, to adopt a “neutral principles” analysis involving consideration of deeds, statutes governing church property, charters, etc.' Neither the First Amendment to the United States Constitution nor the Constitution of the State of Louisiana requires courts to compulsory refrain from resolving church property disputes if church policy or doctrine is not at issue. Also, there are no statutory prohibitions.
*642 Certain conditions, however, must be present to justify an intrusion by the courts. For example, there must be a clear organizational distinction between the local church and the hierarchy, as was the case in Fluker, there must be alleged fraud, collusion or bad faith or there must be some other compelling reason.
If the controversy is purely religious and does not concern property, courts should not become involved.
Here, the dispute centers around Adams and his efforts to establish himself as supervising pastor. Title to church property, real or otherwise, is not involved, as Adams concedes.
Accordingly, we are of the opinion that our initial decree is proper and should not be disturbed.
ORIGINAL OPINION REAFFIRMED.

. See 434 So.2d 411 (La.1983).

. Including deeds, church charters and church constitutions and bylaws.