451 So.2d 1193 (1984)
Harold KERWIN, Sr.
v.
NU-WAY CONSTRUCTION SERVICE, INC., Their Insurers Aetna Life & Surety Company; Brown and Root, Inc., and Their Insurers, Highlands Insurance Company.
No. 84-CA-83.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
*1194 Sheila C. Myers, Gertler & Gertler, New Orleans, for plaintiff-appellant.
Michael M. Christovich, Christovich & Kearney, New Orleans, for defendants-appellees.
Before CHEHARDY, GRISBAUM and MARCEL, JJ.
CLEVELAND J. MARCEL, Sr., Judge Pro Tempore.
This appeal arises from the actions of the trial court in granting summary judgment in favor of defendants, Brown and Root, Inc., and their insurer, Highlands Insurance Company, and against plaintiff, Harold Kerwin, Sr., in a worker's compensation action.
The record reveals that plaintiff, Harold Kerwin, Sr., apparently suffers from asbestosis, a lung disease contracted as a result of asbestos inhalation. Mr. Kerwin was informed of this fact in December, 1982 by his physician who discovered the illness as a result of treatment he was undergoing for a stroke suffered in September, 1981. As a result, he retired at that time.
Mr. Kerwin's job history indicates that he was employed by Brown and Root Company from 1976 through September, 1979, as a laborer and/or pipefitter. In 1979, he left Brown and Root's employ and commenced working for defendant, Nu-Way Construction Service, Inc. until May, 1981, at which time he began working for Circle Construction (not a party to this suit) where he remained employed until he was forced to retire as a result of the stroke he suffered in September, 1981.
Suit was filed on his behalf in this matter in February, 1983, for worker's compensation benefits against Nu-Way Construction Service, Inc. and its insurer, Aetna Casualty and Surety Company, as well as Brown & Root, Inc. and their worker's compensation insurer, Highlands Insurance Company.
Two motions for summary judgment were ultimately filed by Brown & Root and its insurer. The first motion, filed September 2, 1983, was denied. The second was filed on November 30, 1983, and on December 9, 1983, the motion was granted based on the application of Carter v. Avondale Shipyard, Inc., 415 So.2d 174 (La.1982) and Myles v. T.L. James & Company, et al., 436 So.2d 737 (La.App. 4th Cir.1983).
Plaintiff thereupon perfected an appeal of the judgment dismissing his suit against defendants Brown and Root, Inc. and Highlands Insurance Company. Defendants Nu-Way Construction Service, Inc. and Aetna Casualty and Surety Company are not parties in this appeal.
Appellant asserts that the trial court erred in granting the motion for summary judgment in Brown and Root, Inc.'s favor for the reason that genuine issues of material fact exist which precludes the application of Carter and Myles until such time that those issues are resolved. We agree after our review of those cases and the record.
As noted by appellant, it is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answer to interrogatories and admissions on file and affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Landry v. Brandy, 389 So.2d 93 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257 (La.App. 4th Cir.1980), writ refused, 393 So.2d 738 (La.1980).
Two distinctions are readily apparent between Carter and the case herein: the appeal arose subsequent to a full trial on the merits and Mr. Carter suffered from *1195 silicosis as opposed to asbestosis. After a review of the completed causative and medical evidence, the Louisiana Supreme Court originally decided to apportion worker's compensation liability between two successive employers. However, on rehearing, the court placed all liability for a worker's occupational disease on the employee's last causative employer.
The facts in Carter show that plaintiff in the case worked for Dibert, Bancroft & Ross for twenty-eight years, then worked for Avondale for nine years. He was exposed to harmful silica dust at both jobs and became disabled while employed by Avondale. The record further shows that the plaintiff was exposed to considerably higher levels of silica dust while employed by Avondale, but that the former employer, Dibert, Bancroft & Ross, might have played a part in plaintiff's development of silicosis.
On rehearing, the court discussed the question of apportionment of liability between successive employees in occupational disease cases and stated as follows:
"R.S. 23:1031.1 does not specifically exclude the possibility of contribution by former employers when their working conditions contributed to the occupational disease. Nevertheless, a fair interpretation of 23:1031.1 indicates no intent to depart from the general scheme of the compensation actthe employer at the time of the accidental injury causing disability is responsible for paying compensation benefits. The only departure in 23:1031.1 is subsection D, covering disability from occupational diseases occurring when a worker has been employed for less than twelve months. In that case, the worker must prove by an `overwhelming preponderance of the evidence' that the disease was contracted within the last twelve months in order to establish that the `occupational disease ... shall become compensable.' 23:1031.1D.
"No provision in 23:1031.1 indicates that employers from years back should share responsibility (for paying compensation benefits) with employers of the worker at the time the disease `manifested itself' and `disabled' the worker. 23:1031.1E. This is consistent with the other provisions of the compensation act, which places responsibility on the employer at the time of the `accidental injury' causing disability and not on previous employers whose conditions might have made the worker only more susceptible to injury. See Starks v. Hardware Mutual Casualty Co., 231 So.2d 657 (La.App.1970).
"The decision to require contribution from a former employer, whose working conditions might have contributed to the occupational disease which ultimately disables the worker, is a policy decision which is best left to the legislature." At page 181. (Emphasis added)
The court found that plaintiff failed to prove by a preponderance of the evidence that the plaintiff contracted and became disabled from the silicosis while employed by Dibert, Bancroft and Ross. Consequently, sole liability was placed upon Avondale as the last "causative" employer. Thus, in our opinion, in order for the Carter holding to apply, there must first be a determination of causation along with proof of the occupational disease.
The other case relied upon by the trial court and urged by defendant is Myles, supra. In that case, summary judgment was granted several former employees of plaintiff who apparently contracted and became disabled from contact dermatitis while working at his last place of employment, T.L. James and Company. The court applied Carter, finding that the decision holds that,
"there is to be no apportionment of compensation payments among present and past employers, and, therefore, the last causative employer is solely responsible for an employee's disability." (Emphasis added)
The Fourth Circuit further found that the record did not suggest that plaintiff's reaction to contact dermatitis had become disabling during any prior employment.
*1196 The record herein, on the other hand, does not provide sufficient evidence of causation to determine who of defendants was the last causative employer. The affidavit of Brown & Root suggests possible exposure at that company, the extent of which is unknown. The record is devoid of evidence relating to exposure at plaintiff's last employer, Nu-Way Construction Service, Inc., and the medical evidence, which may be critical in determining the causative employer, is absent. Thus, based on the record herein, summary judgment was improperly granted as critical issues of material fact have yet to be resolved. Basic notions of fairness indicate that plaintiff be allowed to present his case in a full trial on the merits. Until such time, the application of Carter, as well as Myles, is premature.
Therefore, for the foregoing reasons, the judgment of the trial court is hereby reversed and the case remanded for proceedings consistent with this opinion. Costs of appeal are to be borne by defendant, Brown & Root, Inc.
REVERSED AND REMANDED.