GULOTTA, Judge.
In this claim for worker’s compensation benefits based on the occupational disease of asbestosis, plaintiff appeals from a summary judgment dismissing claims against four of his former employers. We affirm the dismissal of two of the defendants, but reverse and set aside the judgment as to the remaining two.
Fred M. Estave, Sr. worked as an asbestos insulator from 1962 to 1978. During this time, plaintiff worked for a number of different employers on a variety of projects ranging in duration from a few days to almost one year. In 1978, Estave discontinued work entirely as an insulator and engaged in commercial fishing and trapping.
In early 1983, x-rays of plaintiffs lungs showed thickening and calcification compatible with asbestos exposure and consistent with the disease known as asbestosis. Plaintiff thereafter filed the instant suit for worker’s compensation benefits against nine of his former employers.
Four of the defendant employers — the McCarty Corp. (and its insurer Travelers Insurance Company), Reilly-Benton Co., Inc., Mechanical Insulations, Inc., and AC & S Inc., — relying on Carter v. Avondale Shipyards, Inc., 415 So.2d 174 (La.1982), filed motions for summary judgment on the grounds that they were not plaintiff’s “last causative” employer.
The Carter decision, supra, holds that in cases where an employee becomes disabled from an occupational disease after working for more than one employer over a period of time, the “last causative employer” is solely responsible for the employee’s disability, even though the conditions of plaintiff’s earlier employment may have contributed to his occupational disease. In support of their summary judgment motions, defendants argue that plaintiff’s deposition and his employment history indicate that plaintiff handled asbestos for other employers after working for the moving defendants and before manifesting symptoms of asbestosis.
In opposition to the motions for summary judgment, plaintiff filed an affidavit by his examining physician stating that “it is medically impossible to ascertain with any certainty during which period of employment the cause of exposure took place”. Plaintiff argues, therefore, that the “last causative employer” doctrine of Carter, supra, does not apply in the instant case, and that the motions for summary judgment should be denied and liability apportioned among the various defendants. Alternatively, plaintiff argues that a genuine issue of material fact remains concerning the concentration of asbestos dust particles at the various job locations of his former employers and that a trial on the merits is necessary to determine which employer is liable.
In pertinent part, a Social Security Administration print-out reflecting plaintiff's employment history shows that plaintiff worked for the moving defendants at various times during the following years:
McCarty Corporation — 1962-1963, 1965-1975;
Reilly-Benton Co., Inc. — 1963-1964, 1966, 1971;
Mechanical Insulations — 1967-1970, 1976;
AC & S, Inc. — 1965-1966.
Plaintiff’s affidavit and deposition state that he worked consistently as an insulator with numerous kinds of asbestos from 1962 through 1974, but only sporadically from 1976 through 1978, after he had “started tapering out of insulation work” in 1975. His last job was for Branton Insulations in 1978 for four days, and he was not sure whether the insulation materials he used during that time contained asbestos. According to plaintiff, the last job in which he definitely recalled using asbestos-containing insulation products was in 1972 with McCarty Corporation, although he had no definite knowledge whether insulation materials used after 1972 contained asbestos. He further stated, however, that he felt he had been later exposed to asbestos while engaged in tearing out the old insulation *875 preparatory to applying new asbestos-free insulation.
According to the deposition and affidavit of plaintiff’s examining physician, development of asbestosis has much to do with the amount of asbestos particles inhaled at a given time and that some jobs may involve inhaling more asbestos than others. Although the physician stated “it is medically impossible to ascertain with any certainty during which period of employment that causative exposure took place”, he averred that “it is likely that pulmonary problems manifested in 1982 or 1983 were caused by exposures which took place between 1962 and 1972”. The doctor further stated, however, that assuming plaintiff was exposed to asbestos from 1960 to 1975 relatively steadily and not to any greater degree of severity in later years, his exposure in 1977 could have had an impact on his present disease.
Considering the affidavits, the depositions and Social Security print-out, we are led to conclude the trial judge properly dismissed plaintiffs suit against AC & S, Inc. (plaintiffs employer in 1965 and 1966) and Reilly-Benton Co., Inc. (plaintiffs employer in 1963, 1964, 1966 and briefly in 1971). Because the record clearly shows that plaintiff was significantly exposed to asbestos subsequent to his employment with these two defendants, both are entitled to dismissal. However, because the degree of plaintiffs asbestos exposure remains an open factual question during the period from 1974 to 1978, and because McCarty Corp. and Mechanical Insulations, Inc. employed plaintiff during this period, we conclude that a genuine issue of material fact exists i.e. whether or not these two employers were the “last causative” employers. Accordingly, we hold the trial judge erred in granting summary judgment in favor of these two defendants.
We do not interpret the rule of Carter, supra, which imposes liability on the “last causative” employer in occupational disease cases, to mean that the last chronological employer will be held liable in all cases.
Although the print-out of plaintiffs work history indicates that McCarty Corp. and Mechanical Insulations, Inc. are not chronologically plaintiffs last employers, the question of the degree or extent of their causative role in plaintiffs contraction of asbestosis remains unresolved in the record now before us. According to the record, development of asbestosis depends on the amount of asbestos particles inhaled at a given time and because some jobs may involve inhaling more asbestos than others, a judgment as a matter of law cannot be made until this critical issue of material fact concerning the degree of plaintiffs exposure to asbestos during his later employment is resolved.
Unlike our case, in Carter, supra, after a trial on the merits, liability was placed on the last employer causing plaintiffs disabling silicosis where there was a greater amount of silica dust during his later employment than was present at the earlier employment, even though the earlier work may have also “played a part in the development of” the occupational disease. See also Thornell v. Payne and Keller, Inc., 442 So.2d 536 (La.App. 1st Cir.1983), writ denied 445 So.2d 1231 (La.1984).
Although in Myles v. T.L. James & Co., 436 So.2d 737 (La.App. 4th Cir.1983) this court applied the Carter rule in the context of a motion for summary judgment to dismiss two of plaintiffs earlier employers, there was no suggestion in the Myles record that plaintiffs reaction to dermatitis ■during his later work for a third employer had become disabling during his prior employment. Unlike Myles, in the instant case there are unresolved factual questions concerning the levels of asbestos exposure during plaintiffs former employment that resulted in his symptoms years later. The present record does not exclude either McCarty Corp. or Mechanical Insulations, Inc. as the “last causative” employer.
In this regard, our case is more akin to Kerwin v. Nu-Way Const. Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984), an asbestosis case where the record on sum *876 mary judgment likewise did not provide sufficient evidence of causation to determine who of the defendants was the last causative employer. Our brothers on the Fifth Circuit concluded that application of the Carter rule would be premature under such circumstances, and that notions of fairness required that the plaintiff be allowed to present his case in a full trial on the merits. We find the Kerwin decision to be persuasive in the instant case as to plaintiff’s claims against McCarty Corp. and Mechanical Insulations, Inc.
Accordingly, that portion of the judgment of the trial court maintaining Reilly-Benton Co. Inc. and AC & S Inc.’s motions for summary judgment is affirmed. That portion of the judgment maintaining the motions for summary judgment in favor of McCarty Corp. and Mechanical Insulations, Inc. is reversed and set aside. The matter is remanded to the trial court consistent with the foregoing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.