LOBRANO, Judge.
Appellant, Edwin C. Shally, appeals a lower court decision which granted the summary judgment motion of Maryland Casualty Company, appellee herein, and dismissed them from his claim for workman’s compensation. We reverse and remand.
The record reveals that appellant suffers from abestosis, a lung disease contracted as a result of working with asbestos insulation. His job history indicates he was employed continuously in the insulation industry from 1948 until his retirement in 1980. During that period of time he was employed by Control Insulation, Inc., Eagle Asbestos and Packing, Marquette Insulation, Anco Insulation and McCarty Insulation. Maryland Casualty insured Marquette, appellant’s employer from 1974 to 1977. Control Insulation was appellant’s last employer from 1977 to 1980.
Appellant filed a workmen’s compensation claim against all of the above mentioned former, employers and their insurers, seeking benefits under the provisions of La.R.S. 23:1031.1.
Based on the Supreme Court’s decision in Carter v. Avondale Shipyards, Inc., 415 So.2d 174 (La.1982), Maryland Casualty moved for a summary judgment which was granted.[1] This appeal followed.
It is well settled that a summary judgment should be granted only if the pleadings, depositions, affidavits and other supporting documents show there is no genuine issue of material fact or law. C.C.P. Art. 966; Landry v. Brandy, 389 So.2d 93 *1120 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257 (La.App. 4th Cir.1980), writ refused, 393 So.2d 738 (La.1980). In support of its motion, Maryland Casualty submitted a portion of appellant’s deposition. That testimony shows that Control Insulation was appellant’s last chronological employer and that during his entire work history he was exposed to asbestos. No medical opinions or evidence was submitted.
In Carter, supra, our Supreme Court, on rehearing, refused to apportion liability among the successive employers of a plaintiff suffering from silicosis. Instead, liability for workmen’s compensation was placed on the “last causative employer”, Avon-dale. In so doing the Court stated:
“R.S. 23:1031.1 does not specifically exclude the possibility of contribution by former employers when their working conditions contributed to the occupational disease. Nevertheless a fair interpretation of 23:1031.1 indicates no intent to depart from the general scheme of the compensation act — the employer at the time of the accidental injury causing disability is responsible for paying compensation benefits. The only departure in 23:1031.1 is subsection D, covering disability from occupational diseases occur-ing when a worker has been employed for less than twelve months. In that case, the worker must prove by an “overwhelming preponderance of the evidence” that the disease was contracted within the last twelve months in order to establish that the “occupational disease shall become compensable:” 23:1031.1D.
No provision in 23:1031.1 indicates that employers from years back should share responsibility (for. paying compensation benefits) with employers of the worker at the time the disease “manifested itself” and “disabled” the worker. 23:1031.1E. This is consistent with the other provisions of the compensation act, which places responsibility on the employer at the time of the “accidental injury” causing disability, and not on previous employers whose conditions might have made the worker only more susceptible to injury. See, Starks v. Hardware Mutual Casualty Co., 231 So.2d 657 (La.App.1970).
The decision to require contribution from a former employer, whose working conditions might have contributed to the occupational disease which ultimately disables the worker, is a policy decision which is best left to the legislature.” Carter, supra, at 181.
This Court, in the recent case of Estave v. McCarty, 464 So.2d 873 (La.App. 4th Cir.1985) held:
“We do not interpret the rule of Carter, supra, which imposes liability on the last causative’ employer in occupational disease cases to mean that the last chronological employer will be held liable in all cases.” Id. at 875.
To apply the principles of Carter there must be a determination of causation, as well as proof of the occupational disease. Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984), writ denied, 457 So.2d 11 (La.1984).
Carter, supra, was decided after a trial on the merits. The Court had before it evidence of the occupational disease, and its causation with respect to all of plaintiff’s employers, including his last employer. A determination was made that there was significant causation related to his last job activities, and therefore the last employer was held responsible for compensation benefits.
This Court has no such evidence before it. We simply cannot make the determination that Maryland Casualty’s assured was not the last causative employer.[2] A trial on the merits will determine that issue.
Accordingly the judgment granting the motion for summary judgment of Maryland Casualty is hereby reversed, and this mat *1121 ter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. The record reveals that the motion was filed on October 8, 1984. The court rendered judgment on February 4, 1985 denying the motion. On April 16, 1985 the court then rendered judgment granting the motion. There was no new motion filed, and we are at a loss to explain the two contradictory judgments. Nor could either counsel during oral argument offer a satisfactory explanation.

. This Court notes that the summary judgment motions of the other defendants were denied based on the same information as the present case, and we see no distinction.