KLIEBERT, Judge.
This is a suspensive appeal from the granting of a motion for summary judgment. Victory Temple Assembly of God, plaintiff, filed a petition for a writ of mandamus directing Raoul Galan, Jr., Recorder of Mortgages for the Parish of Jefferson, defendant, to cancel and erase from the records of his office a collateral mortgage, signed by Ralph Adams, in the amount of $100,000.00 on three lots of ground over which plaintiff enjoys ownership. Ralph R. Miller intervened as the encumbrance sought to be removed secures a promissory note issued in his favor by Adams.[1] Adams issued both instruments while acting in the professed capacity of President/Pastor of Victory Temple Assembly of God. The trial court granted summary judgment in favor of the plaintiff and directed the defendant to cancel and erase the collateral mortgage. Intervenor appealed.
The litigants admit title to the property which is the subject of the mortgage is, according to the conveyance records, in the name of Victory Temple Assembly of God. The crux of the question as regards the propriety of the summary judgment lies in whether, as alleged by plaintiff, pri- or decisions of this court in Louisiana District Council of Assembly of God, et al v. Victory Temple Assembly of God, et al, 427 So.2d 662 (5th Cir.1983), writ granted 434 So.2d 411 (La.1983), on reconsideration upon remand 444 So.2d 640 (5th Cir.1983), writ denied 449 So.2d 1343 (La.1984), foreclosed the issue as regards the authority of Adams to encumber the property and rendered null the collateral mortgage which he issued. We think not.
Our initial opinion reported at 427 So.2d 662 addressed the efforts of Adams and his family to control and operate the Victory Temple Assembly of God Church. Following a lengthy hearing the district court concluded the church was affiliated with *323 and under the administrative control of the Louisiana District Council of the Assembly of God, Inc., and was not a separate entity. In affirming the decision we noted that the church’s corporate charter and the bylaws of the Louisiana District Council clearly established a hierarchical relationship and, because the First Amendment prohibits civil courts from becoming entangled in essentially religious disputes, we deferred to the highest authority of the hierarchical church organization.
The Supreme Court granted a writ of review and remanded the case for reconsideration in light of LeBlanc v. Davis, 432 So.2d 239 (La.1983) and Fluker Community Church v. Hitchens, 419 So.2d 445 (La.1982). We thereafter rendered a per cu-riam opinion in 444 So.2d 640 at p. 642, which provides in part:
“If the controversy is purely religious and does not concern property, courts should not become involved.

Here, the dispute centers around Adams and his efforts to establish himself as supervising pastor. Title to church property, real or otherwise, is not involved, as Adams concedes.

Accordingly, we are of the opinion that our initial decree is proper and should not be disturbed.” (Emphasis Supplied)
It is apparent to us that the issues addressed in our prior decisions concerned Adams’ effort to establish himself as supervising pastor, and thus involved the ecclesiastical affairs of the church association, requiring the court to defer to the highest authority of hierarchical church organization. Therefore, we agree with in-tervenor that neither the ownership of the property nor the validity of the mortgage (which hinges on Adams’ authority as of March 13, 1981 to issue it) were raised or addressed. The latter is a distinct and separate issue on which crucial issues of material fact involving the confection of the mortgage, record title at the time, and Adams’ relationship to the title owner at the time of its confection have yet to be resolved. Hence, in our view, summary judgment was improperly granted. Summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (5th Cir.1984), writ denied 457 So.2d 11 (La.1984). Basic notions of fairness indicate that intervenor be allowed to present his case in full at trial on the merits.
For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion. Costs of appeal are to be borne by appellee.
REVERSED AND REMANDED.
WICKER and GOTHARD, JJ., dissents with written reasons.

. Adams was not made a party to this litigation.