589 So.2d 633 (1991)
Kerry BADALAMENTI and Joseph M. Badalamenti
v.
JEFFERSON GUARANTY BANK and Kenneth E. Kopecky.
No. 91-CA-294.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1991.
*634 Vallerie Oxner, New Orleans, for plaintiffs-appellants.
Charles B. Johnson, New Orleans, for defendants-appellees.
Before GAUDIN, DUFRESNE and GRISBAUM, JJ.
DUFRESNE, Judge.
Plaintiffs, Kerry L. Badalamenti and Joseph M. Badalamenti appeal the trial court's decision granting the defendants, Jefferson Guaranty Bank and Kenneth E. Kopecky their Motion for Summary Judgment.
Plaintiffs sued on the grounds that defendants breached a fiduciary duty and that they misrepresented facts to plaintiffs for which they are responsible in damages. Furthermore, plaintiffs contend that defendants breached their obligations of good faith and fair dealings.
This case began in March, 1985, when Jefferson Guaranty Bank made a loan to Plaquemines Sand, Inc. (a corporation in which Joseph Badalamenti was a minority stockholder). As a condition of the loan, Jefferson Guaranty required plaintiffs to pledge a $101,000.00 certificate of deposit as security for the corporate debt. The loan with Jefferson Guaranty was arranged and handled by its representative, defendant, Kenneth Kopecky. Mr. Kopecky had previously been an employee of First National Bank of Jefferson, which had made loans to Plaquemines Sand, Inc. when Mr. Kopecky changed employment and began working for Jefferson Guaranty, he arranged for the transfer of Plaquemines Sand's loan to Jefferson Guaranty.
The record reveals that Mr. Kopecky was familiar and knowledgeable of the financial condition of Plaquemines Sand. Jefferson Guaranty represented to plaintiffs that in addition to the C.D. pledge, Plaquemines would pledge certain accounts receivable, knowing that the only receivables were *635 from a corporation which were allegedly worthless. Jefferson Guaranty allegedly assured plaintiffs that the financial condition of Plaquemines Sand was sound, and that there were sufficient assets to service the loan. Plaintiffs contend that defendants knew Plaquemines Sand was financially unstable, and it did not have adequate income to service the loan.
Plaintiffs contend, that Jefferson Guaranty Bank would require other stockholders to mortgage real estate and other corporate property in order to secure the loan. Jefferson Guaranty Bank, acting through Mr. Kopecky, allegedly advised plaintiffs that if there were a default, the bank would foreclose on the real estate and other collateral before seizing plaintiffs' C.D. However, no other security was obtained.
On July 31, 1988, plaintiffs' C.D. matured, at which time Jefferson Guaranty Bank, in accordance with the pledge agreement, offset the amount of the C.D. against the delinquent debt of Plaquemines Sand, Inc. and seized the $101,000.00.
As a result, plaintiffs sued Jefferson Guaranty Bank and its agent, Kenneth Kopecky alleging they coerced them through fraud, duress and misrepresentation to pledge their C.D. to secure the debt of Plaquemines Sand, Inc. when they knew or should have known the Plaquemines Sand, Inc. would not be financially able to repay the loan. Plaintiffs' lawsuit alleges that Jefferson Guaranty Bank and Kopecky breached their duties of fairness, good faith dealings and fiduciary responsibility causing them to suffer the loss of their C.D.
In response, Jefferson Guaranty Bank filed a Motion for Summary Judgment which was granted dismissing with prejudice plaintiffs' claims. From this judgment plaintiffs have appealed.
The critical issue presented to us on appeal is whether there exist any genuine issue of material fact sufficient to preclude the granting of a summary judgment.
The trial court found no genuine issue of any material fact. We disagree. It is well settled that a summary judgment is no substitute for a trial on the merits and that the burden of proving the absence of any genuine issue of material facts is upon the mover. Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La. App. 5th Cir.1984). It is clear that a motion for summary judgment can be granted if the pleadings, affidavits depositions, answers to discovery show an absence of any genuine issue of material fact.
When Plaquemines Sand, Inc. defaulted on its loan, Jefferson Guaranty Bank took the plaintiffs' C.D. The unresolved issue is whether Jefferson Guaranty Bank and its agent, Kenneth Kopecky made representations in order to induce the plaintiffs to move their C.D. into Jefferson Guaranty Bank and pledge it for the debt of Plaquemines Sand, Inc.
The record does not clearly define the relationship between plaintiffs and Plaquemines Sand, Inc. We do know that Joseph Badalamenti was a minority shareholder of Plaquemines Sand, Inc. and excluded from the daily operations of the corporation, and may not have been aware of the operation and financial status of Plaquemines Sand, Inc.
Plaintiffs contend that the only reason they pledged their C.D. was because of representations made to them by Jefferson Guaranty Bank and Mr. Kopecky. More particularly, plaintiffs felt secure with the C.D.'s pledge because they were led to believe other collateral was going to be taken, such as assignment of accounts receivable; a cross pledge of a $400,000.00 collateral mortgage by Gladys Badalamenti (PSI's corporate manager); a mortgage on sand inventory valued at $111,375.00; equipment valued at $70,000.00 and real estate valued at $384,000.00. Plaintiffs contend that it was only because Jefferson Guaranty Bank made these representations to Joseph Badalamenti that he agreed to pledge his C.D.
To the contrary, the record does not clearly reflect other collateralization, so when Plaquemines Sand, Inc. defaulted the only security was plaintiffs' C.D. Did Jefferson Guaranty Bank know that Plaquemines *636 Sand, Inc. was financially unstable? If so, were the plaintiffs misled?
Our courts have ignored a fiduciary duty between a bank and its borrower, particularly when the bank is in a position or assumes the role of an advisor where the bank knows or is in a position to have a reason to know that the customer is placing his trust and confidence in relying on the bank's disclosures and information. In order to establish an allegation for inducement or knowingly participating in a breach of fiduciary duty; a plaintiff must prove (1) a breach by a fiduciary of obligation to another, (2) the bank knowingly included or participated in the breach, and (3) the plaintiff suffered damages as a result of the breach. Whitney v. Citibank, 782 F.2d 1106 (2nd Cir.1986),
We find many genuine issues unresolved in this case: What ever happened to the other collateral; which collateral was to be executed upon first; did Jefferson Guaranty Bank mislead plaintiffs regarding corporate assets and Plaquemines Sand, Inc.'s ability to pay; were plaintiffs aware of the financial status of Plaquemines Sand, Inc; and disclosure of Mr. Kopecky's relationship with Gladys Badalamenti.
We clearly find genuine issues of material facts which form the basis of this lawsuit. When such is the case, a motion for summary judgment should not be granted and the parties should be allowed to present their evidence at a trial on the merits.
Accordingly, we reverse the trial court's summary judgment and remand this case for the appropriate disposition.
REVERSED AND REMANDED.