**Kenneth E. LaMONTAGNE,
Plaintiff-Appellant,**

v.

**Robert F. CRAIG, Defendant-Appellee.**

No. 86–2058.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1987.

Decided May 15, 1987.

---

Albert M. Kun, San Francisco, Cal., for plaintiff-appellant.

John E. Droeger, San Francisco, Cal., for defendant-appellee.

Before KENNEDY, SCHROEDER and WIGGINS, Circuit Judges.

**PER CURIAM:**

This is an appeal from the dismissal of a defamation action that appellant seeks to bring within the admiralty jurisdiction of the district court, 632 F.Supp. 706. The defamation occurred when defendant Craig, the Chief Engineer of the SS Mobile, wrote a letter aboard ship and sent it to the Regional Manager of plaintiff's employers in Hong Kong. The letter stated that La-Montagne had acted independently and in contravention of orders and asked that the Regional Manager have someone reprimand LaMontagne. The letter was received and read on land in Hong Kong. Plaintiff alleges that as a result of the letter the employer chose not to promote him to Master of the ship.

Admiralty jurisdiction exists in the federal courts where a tort both occurs on navigable waters and bears a significant relationship to traditional maritime activity. *See Executive Jet v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Complaint of Paradise Holdings, Inc.,* 795 F.2d 756 (9th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 649, 93 L.Ed.2d 705 (1986). For choice of law purposes the locus of the tort of defamation, where the allegedly defamatory statement is not communicated through a mass medium, is the place of publication. *Restatement (Second) of Choice of Law* § 149. Here the receipt and publication of the letter in Hong Kong occurred not on the high seas but on dry land. So did the harm—the decision not to promote the plaintiff. The tort did not occur on navigable waters. Therefore admiralty jurisdiction was not properly invoked.

AFFIRMED.