GOTHARD, Judge.
Plaintiff, Barry Bourgeois, appeals the trial court judgment which granted defendant Louisiana Power and Light’s (LP & L) motion for summary judgment and dismissed plaintiffs suit. We reverse.
The facts as presented by depositions introduced into the record are undisputed. Barry Bourgeois, captain of the commercial fishing vessel, Captain Barry, and deckhand Carlton Santiny set out from the bay side of Grand Isle in the afternoon of May 9, 1988 to shrimp. They navigated east, around the Gulf side of Grand Isle and proceeded to Caminada Pass. It was necessary for the Captain Barry to take the longer route around because the clearance between the water and a fixed bridge at the west end of the island on Louisiana Highway 1 would not permit safe passage for the vessel. An aerial power line maintained by LP & L crossed the mouth of Caminada Pass on the gulf side of the bridge.
When they arrived at the Pass, about 6:00 p.m., the two men laid anchor on the gulf side of the power line and waited for nightfall to begin shrimping operations. They shrimped until about midnight. Because the power line was also the demarcation used by the Wildlife and Fisheries for the division of open shrimping areas, the Captain Barry was anchored about fifteen feet from the line for the night. When anchor was set the tide was receding, moving the vessel away from the line. However, while the crew slept, the tide changed and the vessel drifted the extent of the anchor rope bringing the vessel under the line. When the men awoke at about 8:00 a.m. they discovered they were on the bay side of the power line at rising tide.
Plaintiff started the motor and navigated the Captain Barry back out toward the *1294 Gulf. The antenna on top of the mast of the Captain Barry either came in contact with or got close enough to the line to receive an arc of electricity which sent high voltage to ground through the vessel’s radio causing an explosion and fire in the cabin of the Captain Barry. Plaintiff, who was at the helm, was seriously injured.
LP & L filed a motion for summary judgment asserting that, even accepting the facts as presented by the plaintiff, the cause of the accident was solely the fault of the plaintiff as a matter of law. The trial court granted the motion in a decision which is the basis of this appeal.
A motion for summary judgment should be granted only if the pleadings, depositions, answer to interrogatories and admissions on file and affidavits show there is no genuine issue of matter fact to be decided and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Kerwin v. Nu-Way Const. Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984), writ den. 457 So.2d 11 (La.1984). In support of its motion LP & L relies on principles of admiralty law which state that a moving vessel which strikes a stationary object is at fault. In order to rebutt the presumption the vessel must prove either that it was without fault or that the allision was occasioned by an inevitable accident.
We agree with LP & L’s assertion that this case is within admiralty jurisdiction. Such jurisdiction is proper when a tort occurs on the high seas or on navigable waters and the plaintiff can show that the wrong “bears a significant relationship to traditional maritime activity.” Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 269, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972); Bubla v. Bradshaw, 795 F.2d 349 (4th Cir.1986); La Montagne v. Craig, 817 F.2d 556 (9th Cir.1987). In the instant case, the accident occurred at the mouth of Caminada Bay, a navigable waterway, while plaintiff was engaged in commercial shrimping activity. Thus, both the situs and nexus requirements for admiralty jurisdiction are met.
Although original jurisdiction over all cases in maritime and admiralty vests in federal courts, the “saving to suitors clause” reserves to litigants “in all cases all other remedies to which they are otherwise entitled.” 28 U.S.C.A. 1333. Thus, a plaintiff may properly bring a personal injury action in state court. As a general rule the substantive law of admiralty governs in actions brought in state courts. As explained by the Supreme Court in Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986);
“saving to suitors” clause allows state courts to entertain in personam maritime causes of action, but in such cases the extent to which state law may be used to remedy maritime injuries is constrained by a so-called “reverse-Erie” doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards.
Under principles of federal maritime law a vessel which drifts into collision is presumed to be at fault. James v. River Parishes Co., Inc., 686 F.2d 1129 (5th Cir.1982). That presumption is a prima facie showing of negligence on the part of the moving vessel. Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co., 377 F.2d 724 (5th Cir.1967). That presumption may be rebutted by the moving vessel by a preponderance of the evidence. James v. River Parishes Co., Inc., supra.
Defendant cites Thompson v. Consolidated Gas Electric Light & Power, Co., 111 F.Supp. 719 (D.Md.1953) in support of his assertion that no liability exists as a matter of law for LP & L. While we find the case applicable, we do not believe Thompson dictates a grant of defendant’s motion for summary judgment in this case. Further, we disagree with defendant’s contention that there are no issues of fact which remain to be decided.
In his deposition, Barry Bourgeois stated that he saw the power line and was watching it as he navigated back out toward open water. He stated that he knew that the antenna on the Captain Barry was 39 feet above the water line but assumed the power line was 40 to 50 feet above the water line. Bourgeois asserted that he had *1295 navigational charts aboard the Captain Barry but admitted he did not consult them in this instance. LP & L submitted a copy of the application for installation of the power line which indicates the aerial crossing was to be installed at a height of not less than 38 feet above mean sea level.
Neither witness stated that the antenna actually made contact with the power line. Bourgeois stated:
A. From the time that I asked him to look up and see if it would hit, what he told me is that when he turned around I was still a foot to two foot away from it. When he turned around to tell me, all he saw was the blue arc inside the cabin.
Q. Well, do you know if the antenna touched the electric line?
A. I do not.
(Deposition of Barry Bourgeois, p. 122)
The deckhand describes the incident as follows:
Q. How close did the antenna get to the power line?
MR. WARNER:
What point? At what time?
THE WITNESS:
About a foot.
EXAMINATION BY MR. NUNMAKER:
Q. Let me rephrase my question. While you were pulling the boat through the anchor line, how close did the antenna get to the power line?
A. About a foot.
Q. Did the antenna touch the power line at any time?
A. No, sir.
Q. And what happened when the antenna was a foot away?
A. I kept watching it. When I looked back at Barry to see what Barry was doing, all I seen was like a surge. Everything blew up inside the cabin.
(Deposition of Dean Santiny, pp. 40-41)
Therefore, according to verbatim testimony of the only two witnesses, electricity arced or jumped from the line to the antenna when the antenna was at least one foot away. There is no indication in the record if such an incident is normal or could be a result of deteriorated electrical lines.
By this decision we do not make an evaluation of the merits of this case. Likewise, it is improper for a trial court to determine by a summary judgment whether plaintiff is likely to succeed at a trial on the merits. A motion for summary judgment is not a substitute for a trial. The court should merely determine whether an issue of material fact remains to be decided, not whether plaintiff will likely prevail. Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writ den. 457 So.2d 1194 (La.1984).
Although a plaintiffs contributory negligence can be considered as a mitigation of damages, it does not bar recovery. The applicable rule in admiralty is use of comparative negligence. Bubla v. Bradshaw, supra. Plaintiff has made allegations of breach of LP & L’s duty to properly maintain powerlines which present factual issues to be resolved at trial.
For the foregoing reasons, the summary judgment in favor of LP & L dismissing plaintiffs suit is reversed and set aside. Costs of this appeal are assessed against LP & L. The case is remanded for further proceedings.
REVERSED AND REMANDED.