BOWES, Judge.
Plaintiff, J.D. Fields, Inc. d/b/a J.D. Fields and Company (Fields) appeals a judgment of the trial court granting a motion for summary judgment filed by defendant Continental Insurance Company (Continental). No reasons were given. We reverse.
This suit arose out of a project undertaken by the St. Charles Parish Council to construct a sewerage treatment facility behind the Bunge Grain Elevator in Destre-han. The parish council contracted with Resor Plumbing and Heating (Resor) to act as general contractor for the project. A bond was executed between Resor and Continental for the benefit of the St. Charles Parish Council.
Fields entered into a rental contract with Unique Construction Company (Unique), a subcontractor on the project, to supply steel sheet piling used in excavation. In its petition, Fields alleges that it billed Unique for rental charges “on various Hoesch 175 steel piling 61.76 pounds per lineal foot” and subsequently for the adjustment value, loss, cleaning and trimming of the piling and other associated charges. Because the charges remained unpaid, plaintiff caused two affidavits of lien and privilege to be recorded in the mortgage records of St. Charles Parish. One lien, in the amount of $5,932.14, constitutes a claim for rental fees due as evidenced by invoices to Unique. The second lien in the amount of $9,710.34, represents a claim, not for rental fees, but rather for liquidation charges of the piling used on the job. Appellant asserts that these liquidation or job adjustment charges were necessary for cleaning and trimming of the piling after its use on the project.
*670 This action was filed against Unique,[1] the St. Charles Parish Council and Continental as the surety which bonded the contract between Resor and St. Charles Parish. Continental filed a motion for summary judgment arguing that, since plaintiff did not have a written contract with the owner, it is not a claimant pursuant to LSA-R.S. 38:1 et seq, commonly known as the Public Works Act, and, thus, cannot collect from Continental as the surety. That motion was granted by the trial court without written reasons.
On appeal Fields assigns three errors for our review:
1. The trial court erred in granting the Motion for Summary Judgment as to the charges evidenced by the lien filed for the rental charges.
2. The trial court erred in granting the Motion for Summary Judgment as to the charges evidenced by the lien filed for the liquidation charges of the piling used on the job.
3. The trial court erred in granting the Motion for Summary Judgment by not finding an issue of fact regarding whether a written contract existed between Fields and the owner and whether said contract was delivered to the owner through its agent.
For reasons to follow, we find that sufficient issues of material fact remain undecided to preclude the surety from obtaining a grant of its motion for summary judgment.
 A motion for summary judgment is properly granted only if there is no genuine issue of material fact to be decided and mover is entitled to judgment as a matter of law as shown by the pleadings and other documents of record. LSA-C.C.P. art 966; Bourgeois v. Louisiana Power & Light Co., 556 So.2d 1292 (La.App. 5th Cir.1990). A motion for summary judgment must be granted when reasonable minds must inevitably conclude that the mover is entitled to the judgment on the facts before the court. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). The court should merely determine whether an issue of material fact remains to be decided, not whether the plaintiff will prevail. Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4th Cir.1984) writ den. 457 So.2d 1194 (La.1984); Bourgeois v. Louisiana Power & Light, Inc., supra. The hearing on a motion for summary judgment is no substitute for a trial on the merits. Oller v. Sharp Elec., Inc., supra.
On appeal, Continental argues that summary judgment was correctly granted since they contend that plaintiffs claim is for rental charges due for equipment leased to a subcontractor. Continental reasons that, since no written contract exists between Fields and the owner, Fields is not a claimant pursuant to LSA-R.S. 38:2242 A[2] as it existed at the time the liens were filed. Continental further asserts that its bond was issued pursuant to the Public Works Act embodied in LSA-R.S. 38:1 et seq. Thus, if Fields is not a claimant under the Public Works Act, it has no recourse against the surety. This argument is based on Continental’s assertion that the owner was never served with a copy of the lease. We find that this alleged “fact” is not conclusively established because Fields asserts that the lease was supplied to or service effected upon the owner through its agent and general contractor, Resor *671 Plumbing. This unresolved question obviously concerns a material fact, and this question alone should be enough to prevent summary judgment.
Fields counters Continental’s argument that his claim is simply for rental charges not covered by the Act, by asserting that some of the pilings were damaged or destroyed during construction and, therefore, were “consumed” for purposes of LSA-R.S. 38:2242 A. According to Field’s allegations, they supplied sheet pilings for use in the excavation work on the project. The sheet piling is linked together to form a box in the ground which prevents soil and debris on the outside from falling into the hole once the dirt is removed. Bracing is used to hold the steel pilings in place so that the underground work can be done in the excavation site delineated by the steel pilings. During this process the pilings are trimmed to fit. Additionally, since the pilings are driven into the ground with a pile driver and extracted from the ground forcibly, the pilings sustain damage.
The Public Works Act provides a method by which materialmen can recover sums due for materials used on a construction project. Amounts due for materials furnished to a subcontractor and consumed or incorporated into the permanent structure can be the subject of a lien under the Public Works Act. Slagle-Johnson Lumber v. Landis Const. Co., 379 So.2d 479 (La.1979). The rule under the Public Works Act which required “consumption” or “incorporation” into the finished project eliminated a materialman’s claim for ordinary rental charges for equipment used in construction but not consumed or incorporated. See Valliant v. State Dept. of Transp. & Dev., 437 So.2d 845 (La.1983). In 1984 the legislature amended LSA-R.S. 38:2242 A extending the definition of claimant to include those who furnish movable equipment on a rented basis when the equipment is “leased to the owner by written contract.” Thus under the statute as amended, material which is consumed or incorporated into the project and/or equipment supplied solely on a rental basis by written contract with the owner certainly can be and usually are items which are properly subjects of liens.
Invoices attached as exhibits to plaintiff’s original petition and memorandum in opposition to the motion for summary judgment show that 103,500 units of Hoesch 175 was shipped as rental equipment to Unique. Of these, 99,581.8 units were returned and only 79,290.8 units of those returned were usable. Therefore there was a loss or consumption of 24,209.2 units.
Additionally, 72 feet of rental 90° corners were shipped. Of the 43.6 feet returned only 20.6 feet were usable resulting in a loss or consumption of 51.4 feet.
We believe this documentation alone raises an issue of material fact as to whether plaintiff is entitled to collect from the surety for materials consumed in the construction of the sewerage plant.
We take issue with Continental’s assertion that one uncontested issue of material fact is that the bond was executed in accordance with the Public Works Act. The record does not support the conclusiveness of that fact. In its response to Continental’s request for admissions, Fields states, “Respondent does not have sufficient information to say whether or not the bond was executed in accordance with the Public Works Act.” A copy of the performance bond is contained in the record. It refers to the contract between Resor and St. Charles Parish for construction of the Destrehan Treatment facility and states in pertinent part:
NOW, THEREFORE if the Principal shall well, truly and faithfully perform its duties all the undertakings, covenants, terms, conditions, and agreements of said contract during the original term thereof, and any extensions thereof which may be granted by the Owner, with or without notice to the Surety and during the one year guaranty period, and if he shall satisfy all claims and demands incurred under such contract, and shall fully indemnify and save harmless the Owner from all costs and damages which it may suffer by reason of failure to do *672 so, and shall reimburse and repay the Owner all outlay and expense which the Owner may incur in making good any default, then this obligation shall be void; otherwise to remain in full force and effect.
Claims against the surety of a contractor are not necessarily limited to claims made under the Public Works Act. A surety can, by contract, bind itself to a broader coverage which would also include claims made by those who are not defined as claimants under the Public Works Act. Our Supreme Court has held that the surety of a public works contractor who binds itself to pay all claims of the contractor can be liable to pay the claims of lessors of movable equipment even though these lessors have no claim against the governing authority itself. Valliant v. State Dept. of Transp. & Dev., supra. Thus, even assuming, arguendo, that Fields is not a claimant under the Public Works Act, Fields may have a claim which is insured under the performance bond written by Continental. Whether Fields can prove a claim against the contractor for which the surety is liable is still to be decided, but such a claim is not precluded as a matter of law.
We deem it unnecessary to address the issue of privity of contract between Fields and the St. Charles Parish Council as argued in plaintiffs third assignment since, as previously stated, even if such privity is disproved, summary judgment would be precluded.
While we make no decisions regarding the merits of plaintiffs claim, or the likelihood that he will prevail at a trial on the merits, we do find very definitely that there are issues of material fact between the parties to this litigation as outlined above which remain undecided, thus precluding the granting of Continental’s motion for summary judgment.
For the reasons above, the judgment of the trial court is reversed and the matter is remanded for further proceedings.
All costs of the appeal are to be paid by appellant.
REVERSED AND REMANDED.

. Plaintiff has been unsuccessful in effecting service on Unique and its owner, Anthony Sa-varino. Consequently, those defendants have not been made parties to the suit.

. LSA-R.S. 38:2242 A
"Claimant”, as used in this Chapter, means any person to whom money is due pursuant to a contract with a contractor or subcontractor for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or for transporting and delivering such materials or supplies to the site of the job by a for-hire carrier, or for furnishing oil, gas, electricity, or other materials or supplies for use in machines used in the construction, alteration, or repair of any public works, including persons to whom money is due for the lease or rental of movable property, used at the site of the immovable and leased to the owner by written contract, and including any architect or consulting engineer engaged by the contractor or subcontractor in connection with the building of any public work, (emphasis supplied)