35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John O'LEARY, Plaintiff-Appellant,
v.
Robert P. CUTSHAW; Robert L. Taylor, Defendants-Appellees.
 No. 94-15687.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John O'Leary appeals pro se the district court's dismissal of his action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion the district court's sua sponte dismissal of a case as frivolous under 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand.
 
 
 3
 A district court may dismiss an in forma pauperis complaint before service of process if the action is frivolous. Denton, 112 S.Ct. at 1730-31. The district court must construe pro se pleadings liberally. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The test for whether a complaint is frivolous under Sec. 1915(d) is less rigorous than the test for whether a complaint states a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733. A plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 In his often rambling pleadings, O'Leary claims that he owns a 36-foot "World War II vintage landing craft," and that Robert Taylor "towed away" the boat while it was in the navigable waters of the Sacramento River in January 1994. O'Leary also claims that he did not give Taylor permission to take the boat, and that he now does not know where the boat is. O'Leary claims that Taylor violated his civil rights by not notifying him that his boat was going to be towed, and has impeded his freedom of movement and "right of free navigation." The district court found that O'Leary failed to allege facts supporting federal jurisdiction, and did not state a cause of action.
 
 
 5
 The district court is correct that O'Leary has not stated a cause of action under 42 U.S.C. Sec. 1983, because he failed to allege that Taylor acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (section 1983 claim involves a person or persons acting under color of state law, and deprivation of some right secured by the Constitution or federal laws); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir.1989) (same), cert. denied, 493 U.S. 1056. The record and O'Leary's factual allegations, however, do not foreclose the possibility that Taylor was acting under color of state law. Because O'Leary could amend his civil rights claim with more specific factual allegations, the district court erred by dismissing that claim without giving him an opportunity to amend. See Denton, 112 S.Ct. at 1734.
 
 
 6
 In his complaint, O'Leary cited 28 U.S.C. Sec. 1333, which states that federal courts have jurisdiction over admiralty cases. "Admiralty jurisdiction exists in the federal courts where a tort both occurs on navigable waters and bears a significant relationship to traditional maritime activity." LaMontagne v. Craig, 817 F.2d 556, 557 (9th Cir.1987). The facts O'Leary alleges arguably comprise the tort of conversion under the applicable law. See Tyrone Pacific Int'l v. MV Eurychili, 658 F.2d 664, 666 (9th Cir.1981) (under California law, conversion elements are: (1) plaintiff's ownership of property at time of conversion, (2) defendant's conversion by wrongful act, and (3) damages). Taylor's act of towing O'Leary's boat in navigable waters without O'Leary's permission also arguably has a sufficient maritime nexus to invoke the district court's admiralty jurisdiction. See Guidry v. Durkin, 834 F.2d 1465, 1470-71 (9th Cir.1987). Because O'Leary has an arguable tort claim under the district court's admiralty jurisdiction, he is entitled to issuance and service of process as to this claim also. See Jackson, 885 F.2d at 640.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3