**MOBILE MARINE LIMITED, DAVID BELL, and PETER BRENTON, Plaintiffs**

**v.**

**NINNA MARIANNE, its fish, cargo, freight, equipment, engines, mast, boats, anchors, cables, chains, rigging, its engines, tackle, furniture and all other necessaries appertaining to the vessel, Defendant in Rem, and ARNE BJORCK and ROSE MARIE BJORCK, Defendants in Personam**

High Court of American Samoa
Trial Division

CA 29-95

March 3, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and

LOGOAI, Associate Judge.

Counsel:       For Plaintiffs, Brian M. Thompson
                For Defendants, Togiola T.A. Tulafono

Order Denying Motion to Dismiss:

## BACKGROUND

This motion to dismiss arises from a dispute regarding the vessel Ninna Marianne ("vessel"). Plaintiffs allege partial ownership of the vessel and the right to share in profits earned through its use. Plaintiffs further claim that Arne and Rose Marie Bjorck ("defendants") failed to communicate with plaintiffs while the vessel was at sea, intended to sell fish cargo for cash to deprive plaintiffs of the proceeds, and intended to take the vessel to their native Sweden rather than returning it to New Zealand. A warrant issued for the arrest of the vessel on March 7, 1995.

On March 8, 1995, defendants filed this motion to dismiss the complaint in rem and quash the arrest warrant for lack of subject matter jurisdiction, T.C.R.C.P. 12(b)(1), and failure to state a claim upon which relief can be granted, T.C.R.C.P. 12(b)(6). The motion came regularly for hearing on March 24, 1995 with counsel for both parties present.

## DISCUSSION

Defendants' argument for dismissal is based on the theory that no maritime lien exists, and can be reduced to two essential arguments: (1) defendants own the subject vessel; or alternatively (2) the owner of a vessel cannot have a maritime lien against that vessel.

Both of these concerns are put to rest by T.C.R.C.P. Supplemental Rule D, which reads:

> In all actions for possession, *partition*, and *to try title* maintainable according to the course of admiralty practice with respect to a vessel, in all actions so maintainable *with respect to the possession of cargo* and other maritime property, and in all *actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent*, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by *warrant of arrest for the vessel,*

144

*cargo*, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

(emphasis added). T.C.R.C.P. Supplemental Rule D mirrors F.R.C.P. Supplemental Rule D, which was created explicitly to provide the remedy of arrest in controversies involving title, possession, or disputes between co-owners respecting the employment of a vessel. F.R.C.P. Supplemental Rule D, Note of Advisory Committee on Rules, 1966 Adoption. The present case appears to fit squarely within the parameters of the rule. Plaintiffs and defendants assert conflicting claims regarding ownership; plaintiffs have requested a partition, and plaintiffs dispute the security of their alleged interest in the fish cargo.

■ Although defendants allege that a maritime lien must be present for admiralty jurisdiction to attach, T.C.R.C.P. Supplemental Rule C provides, in relevant part:

(1) When available. An action in rem may be brought:
(a) To enforce any maritime lien; *or*
(b) Whenever a statute of American Samoa or the United States provides for a maritime action in rem or a proceeding analogous thereto.

(emphasis added). It is not necessary for us to consider whether a maritime lien exists, since an alternative basis of admiralty jurisdiction is found in T.C.R.C.P. Supplemental Rule D, allowing admiralty jurisdiction to attach in an action for partition, to try title, for possession of cargo, or by part owners attempting to secure the return of their vessel.

■ A second alternative basis of admiralty jurisdiction may be found in 28 U.S.C.A. § 1333, which provides admiralty jurisdiction to adjudicate "[a]ny civil case of admiralty or maritime jurisdiction." Admiralty jurisdiction will attach "where a tort occurs on navigable waters and bears a significant relationship to traditional maritime activity." *LaMontage v. Craig*, 817 F.2d 556, 557 (9th Cir. 1987). The tort of conversion, alleged by plaintiffs, is a long-standing basis for admiralty jurisdiction. *Evergreen Marine v. Six Consignments*, 4 F.3d 90, 94 (1st Cir. 1993).

Finding that arrest was a legally proper remedy in a case involving a dispute as to ownership of the vessel and cargo, we deny defendants' motion to dismiss the complaint and to quash the resulting arrest warrant.

It is so ordered.